KIRBY LUMBER COMPANY v. MRS. MAGGIE R. SCURLOCK.

No. 3646. Decided November 29, 1922.

(246 S. W., 76.)

1.—Master and Servant—Workmen's Compensation Law—Injury in Course of Employment.

An injury to a servant in going to or returning from work is received in the course of his employment, within the meaning of the Workmen's Compensation Law (Vernon's Ann. Civ. Stats.' 1918, art. 5426, 1 to 91) when it occurs upon premises of the employer (here a tram road of a lumber company) which he was using as a means of access to his place of labor. It was immaterial that his use of the premises (the tram road) was as a mere licensee by consent of the master, and not a right secured by a contract. (pp. 123, 124).

2.—Same—Case Stated—Laborer's Insurance.

An employee of a lumber company, a subscriber to insurance of its employees under the Workmen's Compensation Law, lived two miles from the mill where he labored and upon a tram road used by the employer for the conveyance of logs, and for five years had used same, with the knowledge and acquiescence of the company, as his means of access to the mill, by a velocipede operated by him on the tram road. On a day when the mill was not running he went there and made some repairs to its machinery, receiving no credit from the company for his time therein. Returning therefrom on his velocipede he was run over and killed by a logging train operated by the company, at a point about one and a half miles from the mill. *Held*, that the injury was one received in the course of his employment; that the remedy for his beneficiaries was by proceeding for his insurance before the Industrial Accident Board; and that they could not maintain action in the District Court for damages by his death from the master's negligence. (pp. 120, 125).

3.—Cases Discussed.

International & G. N. Ry. Co. v. Ryan, 82 Texas, 565; Missouri, K. & T. Ry. Co. v. Rentz, 162 S. W., 959; Houston E. & W. Ry. Co. v. McHale, 47 Texas Civ. App., 360; Houston B. & T. Ry. Co. v. Stephens, 109 Texas, 202; approved. Lumberman's Reciprocal Assn. v. Behnken, 112 Texas, approved and followed. American Indemnity Co. v. Dinkins, 211 S. W., 951, distinguished. (pp. 122-125).

Error to the Court of Civil Appeals for the Ninth District, in an appeal from Newton County.

Mrs. Scurlock, for herself and children, sued the Kirby Lumber Co. in the District Court for damages from the death of her husband through negligence of defendant. Plaintiff had judgment which was affirmed on appeal by defendant, who thereupon obtained writ of error.

*Andrews, Streetman, Logue & Mobley,* for plaintiff in error.

It was error for the trial court to refuse to instruct a verdict in favor of defendant, because it was established by the undisputed evidence that J. W. Scurlock at the time when he sustained the injuries which resulted in his death was in the course of his employment as an employee of the defendant, within the meaning of the Workmen's Compensation Act of this State, and inasmuch as it further appeared from the undisputed evidence that the defendant Kirby Lumber Company at said time was a subscriber under said Workmen's Compensation Act, the plaintiffs in this case by the terms of that act were and are required to look solely to the defendant's insurer, Lumbermen's Reciprocal Association, for compensation, and were and are not entitled to maintain an action against the defendant Kirby Lumber Company for damages.

(a)   Statutes: Chapter 103, General Laws of Texas, 1917, Part 1, Sec. 3, p. 270; Article 5246-3, Vol. 2, Vernon's Texas Civil and Criminal Statutes, 1918 Supplement; Chapter 103, General Laws of Texas, 1917, Part IV, Sec. 1, p. 292; Article 5246-83, Vol. 2, Vernon's Texas Civil and Criminal Statutes, 1918 Supplement.

(b)   Texas Cases: Employer's Indemnity Corp. v. Kirkpatrick, 214 S. W., 956; American Indemnity Co. v. Dinkins, 211 S. W., 949; Southern Surety Co. v. Stubbs, 199 S. W., 343; Lumbermen's Reciprocal Assn. v. Behnken, 226 S. W., 154.

(c)   Cases from other jurisdictions:

(1)   Injuries arising in course of employment are not confined strictly to time and place of working: In Re Story, 114 N. E. (Mass.), 206; Von Ette's case, 111 N. E. (Mass.), 696; Griffith v. Cole Bros., 165 N. E. (Iowa), 577; Rish v. Iowa Portland Cement Co., 170 N. W. (Iowa), 532; Brassard v. D. & H. Co., 175 N. Y. S., 359; De Constantin v. Public Service Com., 83 S. E. (W. Va.), 88; Indian Creek, etc. Co. v. Wehr, 128 N. E., 767; Employers Indemnity Corporation v. Kirkpatrick, 214 S. W., 956; Calooci v. Edison, etc. Co., 108 Atl., 313; In Re Stacy, 114 N. E., 206; Chandler v. Industrial Com., 184 Pac., 1020; Kinsman v. Hartford, etc. Co., 108 Atl., 562; Mesen v. Mfg. Co., 106 Atl., 85; Haddock v. Edgewater Co., 106 Atl., 196; Industrial Com. v. Aetna Life Ins. Co., 174 Pac., 589; Beckman v. Waterman, 121 N. E., 8; State v. Dist. Court, 169 N. W., 274;

In Re Raynes, 118 N. E., 387; In Re O'Toole, 118 N. E., 303; In Re Hanoden, 118 N. E., 142; Donohue v. Md. Cas. Co., 116 N. E., 226; DeMann v. Engineering Co., 159 N. W., 380.

(2) Those discussing injuries arising in the course and out of the employment: Harrison v. Central Const. Corp., 108 Atl. (Md.), 874; Kowalch v. N. Y. Consolidated R. Co., 179 N. Y. S., 637; In Re Donovan, 104 N. E. (Mass.), 431; Littler v. Fuller Co., 119 N. E., (N. Y.), 554; Sundine's Case, 105 N. E. (Mass.), 433; In Re Stacy, 114 N. E. (Mass.), 206; In Re Cox, 114 N. E. (Mass.), 1281; Hallett's Case, 121 N. E. (Mass.), 503; Mertino v. Connecticut Quarries, 104 Atl. (Conn.), 396; Terlecki v. Strauss, 89 Atl. (N. J.), 1023; Haddock v. Edgewater Still Co., 106 Atl. (Pa.), 1916; State ex rel. McCarthy v. Dist. Court, 169 N. W., (Minn.), 274; Scotia v. American, etc. Co., 105 Atl. (Conn.), 346; Baltimore Car Foundry Co. v. Ruzicha, 104 Atl. (Md.), 167; City of Milwaukee v. Althoff, 145 N. W. (Wis.), 238; Sedlock v. Carr Coal Mining Co., 159 Pac. (Kan.), 9; Pace v. Appanoose Co., 168 N. W. (Iowa), 916; Ind. Com. v. Aetna Life Ins. Co., 174 Pac. (Col.), 589; Papineau v. Ind. Ac. Com., 187 Pac. (Calif.), 108; Milwaukee Coal Gas Co. v. Ind. Com., 151 N. W. (Wis.), 245; Mueller Const. Co. v. Illinois, 118 N. E. (Ill.), 1028; In Re Harraden, 118 N. E. (Ind.), 143; Starr Piano Co. v. Commission, 184 Pac. (Col.), 800; Indian Creek, etc. Co. v. Wehr, 128 N. E., 767; Gurski v. Susquehanna Coal Co., 105 Atl. 801; Judson Mfg. Co. v. Indus. Com., 184 Pac., 1; Stephens v. Indus. Co., 124 N. E., 869; Rish v. Iowa Portland Cement Co., 170 N. W., 532; Hallett's Case, 121 N. E., 503; Carter v. Rowe, 101 Atl., 491; Maroney's Case, 118 N. E., 134; Inland Steel Co. v. Lambert, 118 N. E., 162; O'Brien Case, 117 N. E., 619; Von Ette's Case, 111 N. E., 696; Kierman v. Prestadt, 157 N. Y. S., 900; Donlan v. Kip Broom Co., 179 N. Y. S., 93; Hoffman v. Kingsley, 199 Ill. App., 530; Bylow v. St. Regis, 167 N. Y. S., 874; Procaccino v. Horton, 111 Atl., 594.

(d)   Texts and Articles: "The Drafting of Workmen's Compensation Acts," by Francis H. Bohlen, 25 Howard Law Review, 328, 401, 517.

(e)   Scurlock's right to use track was a part of his employment: St. L. S. W. R. Co. v. Spivey, 76 S. W., 748; De LaPena v. I. & G. N. R. Co., 32 T. C. A., 241; S. A. & A. P. R. Co. v. Montgomery, 72 S. W., 616; S. B. & K. C. R. Co. v. Harrison, 104 S. W., 400; Lovett v. G. C. & S. F. Ry. Co., 79 S. W., 514; G. C. & S. F. R. Co. v. Walters, 107 S. W., 370; M. N. R. Co. v. Crum, 6 T. C. A., 702; H. B. & T. R. Co. v. O'Leary, 136 S. W., 60; Greenville v. Pitts, 102 Texas, 2; Railway Co. v. Morgan, 92 Texas, 102; Oil Co. v. Morgan, 70 Texas, 403; Dobbins v. Railway, 91 Texas, 60; Railway v. Edwards, 90 Texas, 68; Danney v. C. & O. R. Co., 28 W. Va., 742; Con v. M. P. R. Co., 92 S. W., 877; C. R. Co. v. Workman, 64 N. E., 582; Albion L. Co. v. De-

bora, 72 Fed., 739; Shoemaker v. Kingsbury, 79 U. S., 369; Indian
Ref. Co. v. Mobley, 29 L. R. A. (N. S.), 497; Bennett v. L. & N. R.
Co., 102, U. S., 577; Reading v. Thompson, 21 N. E., 369; Wade v.
Lumber Co., 74 Fed., 517; Ridigan v. Railway Co., 28 N. E., 1134;
2 Hutcheson on Carriers, sec. 61, p. 57; 2 White, Personal injuries on
Railroads, secs. 870, 872.

(f)    If such was not a part of his employment, no duty towards
him was violated: Cases just cited and the following: M. K. & T. v.
Cowles, 67 S. W., 1078 (Affirmed 96 Texas, 94); H. & T. C. v. Rich-
ards, 59 Texas, 737; Railway Co. v. Robinson, 23 S. W., 433 (Affirmed
93 Texas 675); Galveston R. Co. v. Hewett, 67 Texas, 473; St. L. &
S. F. R. Co. v. Herrin, 26 S. W., 426; H. & T. C. R. Co. v. Sympkins,
54 Texas, 615; I. & G. N. R. Co. v. Tabor, 33 S. W., 894; T. & N.
O. v. Nicholson, 22 S. W., 770; Railway Co. v. Watkins, 88 Texas,
20; M. K. & T. v. Malone, 102 Texas, 269.

(g)    Allegations in party's trial pleadings are conclusive as ad-
missions of the facts alleged: H. E. & W. T. R. R. Co. v. DeWalt, 96
Texas, 121 at 134; Agden v. Bosse, 86 Texas, 344; Wigmore on Evi-
dence, sec. 1064.

In reply to defendant in error the following authorities were also
cited: Act of 1917, 35th Leg. Regular Session, Chapter 103; Arkadel-
phia Lbr. Co. v. Smith, 95 S. W., 801; A. T. & S. F. Ry. Co. v. Bryant,
162 S. W., 400; Babcock Bros., Lbr. Co. v. Johnson, 48 S. E., 834;
Bener v. Eastern Mich. Power Co., 177 N. W., 225; Bowles v. Indiana
Ry. Co., 62 N. E., 95; Cicalese v. Lehigh Valley R. Co., 69 Atl., 166;
Downey v. Bay State Ry. Co., 114 N. E., 206; Dugan v. Susquehanna
Coal Co., 88 Atl., 787; Dunn v. New York, etc., Ry. Co., 107 Fed., 666;
Erie Railroad Co. v. Winfield, 244 U. S., 170; Ewald v. Chicago, etc.,
Ry. Co., 36 N. W., 12; H. B. & T. Ry. Co. v. Stephens, 203 S. W., 41;
Ionnone v. New York Ry. Co., 44 Atl., 592; I. & G. N. Ry. Co. v.
Ryan, 82 Texas, 565; Kiernan v. Priestedt & Co., 157 N. Y. S., 901;
3 LaBatt, Master & Servant, (2 Ed.); p. 2465; 1 LaBatt, Master &
Servant, (2 Ed.), p. 60; L. & N. Ry. Co. v. Walker's Adm'r, 172 S.
W., 517; Lyons v. People's Savings Bank, 97 Atl., 69; McDonough v.
Lampher, 57 N. W., 152; Manchester Street Ry. v. Barrett, 265 Fed.,
558; M. K. & T. Ry. Co. v. Rentz, 162 S. W., 959; Pettee v. Noyes,
157 N. W., 995; Philadelphia, etc., Ry. Co. v. Tucker, L. R. A. 1915
C, 39; 18 Ruling Case Law, p. 584; Wabash Ry. Co. v. Industrial
Com., 128 N. E., 291; Schweiss v. Industrial Com., 126 N. E., 566;
Simpson v. Carter Coal Co., 91 S. E., 1085; Taylor v. Geo. W. Bush
& Sons, Co., 12 L. R. A. (N. S.), 853; Thomas v. Wisconsin Cent. Ry.
Co., 23 L. R. A. (N. S.), 954; Wabash Ry. Co. v. Erb, 73 N. E., 939;
Whalen v. Union Pac. Coal Co., 168 Pac., 101; Williams v. Schoff, 222
S. W., 416; Williams v. Hennefield, 120 S. W., 567; Weisser v.
Southern Pac. Co., 83 Pac., 439; Zachary's Case, 58 L. Ed. U. S., 591.

The following cases were also discussed and distinguished: Caton v. Summerlee, 39 Scotch L. R., 762; Donahue's Case, 116 N. E., 226; Edwards v. Implement Co., 3 K. B., 596; Erickson v. St. Paul Ry., 169 N. W., 532; Fumiciello's Case, 107 N. E., 349; Littler v. Fuller, 119 N. E., 554; Hewett's Case, 113 N. E., 572; Hills v. Blair, 148 N. W., 243; Michigan, etc., Ry. Co. v. Industrial Com., 125 N. E., 278; Rausch v. Shipbuilding Corp., 181 N. Y. S., 513; Rourk v. Insurance Co., 129 N. E., 603; State v. Hennepin Co., 175 N. W., 110; Scully v. Industrial Com., 120 N. E. 492; Spooner v. Detroit Co., 153 N. W., 657.

*Morris & Barnes, Collins & Houston,* and *Chas. L. Black,* for defendant in error.

Where the undisputed evidence was that deceased was employed in the planer of plaintiff in error and that his regular course of employment was operating said planer, and that on the day he was killed the planer did not run, and that he had done no work for plaintiff in error on that day and that for about two hours before he started home on his velocipede on the tramroad he had been working on his velocipede and he had proceeded on his homeward journey about one and a half miles from his place of employment when killed, he was not killed in the course of his employment, and his beneficiaries do not lose their right to damages under the common law or the Statutes allowing damages for injury suffered as a result of negligence. Vernon Sayles' Texas Civil & Criminal Statutes, 1918, Supplement, Art. 5, 246-82; American Indemnity Company, v. Dinkins, 211 S. W., 949; Honnold, Workmen's Compensation, sec. 108-9-10, and authorities there cited.

The findings of the Court of Civil Appeals were not excepted to, and we are willing to rest upon them, but pray, if this honorable court ignore the finding of the Court of Civil Appeals that Scurlock "did not work for the company that day," that it find all the facts as they really exist. That the Supreme Court is bound by the findings of the Court of Civil Appeals: Rev. Civ. Stats., 1911, Art. 1590; Insurance Company v. Hayward, 88 Texas, 315, 30 S. W., 1049-31 S. W., 507; Needham Piano & Organ Co. v. Hollingsworth, 91 Texas, 49, 40 S. W., 787; Hunter v. Eastham, 95 Texas, 648, 69 S. W., 66; S. A. & A. P. Ry. v. Mertink, 101 Texas, 165, 105 S. W., 485; Hugo Schmeltzer & Co. v. Paiz, 104 Texas, 563-141 S. W., 518; Sabine Tram Co. v. Texarkana F. & S. Ry. 143 S. W., 143; Western Union v. Cates, 148 S. W., 281; Schwingle v. Keifer, 153 S. W., 1132.

We do not think, under the facts of this case, that Scurlock was an "employee" at the time he was killed—that is that he was in the employment of the Kirby Lumber Company at the time, as found by the court. But even if the facts sustain this honorable court's holding that Scurlock was in the employment of plaintiff in error at the time he was killed, it does not necessarily follow that he was

"in the course of his employment." As if the Legislature foresaw the possibility of the construction this honorable court has placed upon "employer" and "employee," holding that relation may exist even where one is employed by the day and is off duty for the day it very wisely restricted the right òf the "employee" to compen sation to injuries "in the course of his employment." But apparent ly realizing the broadness of the term "in the course of employ ment," and apparently unwilling to leave it to judicial construction the Legislature defined "in the course of employment." That defi nition comprehends two distinct parts or conditions, neither of which is sufficient by itself to bring the injury "in the course of employ ment;" both must concur: It must have to do with and originate in the work, business, trade, etc., of the employer, and must be received by the employee while engaged in or about the furtherance of the affairs or business of his employer. If both these conditions do not concur, the injury is not "in the course of his employment." It may have to do with and originate in the work or business of the employer, and yet not be received while the employee is engaged in the furtherance of the affairs, etc., of the employer, or *vice versa.*

Mr. Justice GREENWOOD delivered the opinion of the court.

Defendants in error were the widow and the minor children of J. W. Scurlock, suing plaintiff in error for damages on account of J. W. Scurlock's death.

The petition of defendants in error contained the following al legations:

'2nd. That the said J. W. Scurlock, deceased, was working for the defendant, Kirby Lumber Company, at its sawmill at the town of Call in Newton County, Texas, on the morning of March 5, 1919, just previous to the time of his death, and had been so employed for five or six years prior· to that time, during which time he lived with his family, plaintiffs herein, out something like two miles from said mill, and near to the log road or tramroad owned by said de fendant, over which it hauled its logs from the woods to its said mill to supply its said mill.

"3rd. That for five years the said J. W. Scurlock has been ac customed to use defendant's said log road or tramroad for the pur pose of running his velocipede, which he used to make his regular trips back and forth from his home to said mill, each and every day on which he worked.

"4th. That such use of said tram by the said J. W. Scurlock was with the knowledge and consent and at the invitation of the said defendant, and said defendant from the first of such use knew that said J. W. Scurlock was using said tramroad for such purpose, and defendant not only did not object to such use of said tramroad by said J. W. Scurlock, but consented to it and invited him to use said road in such manner, and all of said time he was a valued em ployee of said defendant at its mill.

"5th.    That on March 5, 1919, the mill did not run, and said Scurlock finished all the work he had to do on that day, at about 12:00 o'clock noon, and after finishing his work, as was his custom, and had been for about five years, he mounted his velocipede on the said tramroad and started for his home."

It was also alleged by defendants in error that plaintiff in error's agents and servants, operating a log train over said tramroad negligently ran the train over J. W. Scurlock, on March 5, 1919, cutting his body into fragments and causing his death.   The petition contained proper averments of relationship between defendants in error and deceased and of damage from his death.

Plaintiff in error, among other defenses, pleaded that it was a subscriber within the terms of the Workmen's Compensation Law of Texas, having taken out a policy of insurance in compliance with said Law; that the injury which caused the death of J. W. Scurlock was sustained by him in the course of his employment by plaintiff in error, and that defendants in error were denied any cause of action against plaintiff in error, but were entitled to compensation from plaintiff in error's insurer, which compensation had been tendered and rejected.

One of the witnesses for defendants in error testified: "It didn't make any difference about what kind of weather it was, with a velocipede, a man could certainly get to work on time.   It facilitated his work for him to be permitted to come in to his work on the velocipede, and it facilitated his returning from his work home."

The Court of Civil Appeals found:   "No one used this track, as did Scurlock, except employees of the company.   On the day of the accident, Scurlock rode from his home to the mill on his velocipede; but, as the mill was idle that day, he did no work for the company.   He worked a little on his sizer, and spent the balance of the morning in the shop, working on his velocipede.   About noon he left the mill for home riding his velocipede on the tramroad.   The log train left the mill 20 or 30 minutes later, and ran over and killed Scurlock about a mile and a half from the mill.   The defendant was a subscriber under the Workmen's Compensation Act.   .   .   . Shortly after the death of her husband, Mrs. Scurlock filed a claim under the Workmen's Compensation Law with the Industrial Accident Board.   The insurer did not contest the claim, but Mrs. Scurlock dismissed it before an order was entered by the Board in her favor.   After the claim was dismissed, the insurer tendered checks to Mrs. Scurlock in the proper amounts under the Workmen's Compensation Law."

There was testimony that Scurlock's foreman did not report any time as put in by Scurlock at work for plaintiff in error on the day of his injury and death.

Judgment was rendered that defendants in error recover of plaintiff in error damages in the sum of $15,000, on a special verdict,

finding that Scurlock's death was the proximate result of negligence on the part of the agents of plaintiff in error operating the train over the tramroad, and finding that Scurlock was not guilty of contributory negligence. The judgment was affirmed by the Beaumont Court of Civil Appeals. 229 S. W., 975.

The case presents the single question whether, under the pleadings and the undisputed evidence, Scurlock received the injuries causing his death in the course of his employment, within the meaning of the Texas Workmen's Compensation Law. If so, by the express terms of the law, defendants in error were not entitled to maintain this suit, but must look for compensation to the insurer.

According to the pleadings, Scurlock was injured while returning to his home from his daily labor at the sawmill where he was employed by plaintiff in error, on the tramroad over which logs were supplied to the mill, while using the tramroad by invitation of plaintiff in error as the means of access to, and of egress from, the sawmill, the injury resulting from a risk necessarily attendant upon the operation of the tramroad. According to the undisputed evidence, Scurlock was injured on his return to his home from the sawmill, to which he had reported in accordance with his contract of employment, to perform his daily labor as the servant of plaintiff in error, on the tramroad over which logs were supplied to the mill, while using the tramroad as the means of access to, and of egress from, the sawmill, with the acquiescence of plaintiff in error, in order to facilitate the work done by Scurlock for plaintiff in error, the injury resulting from a risk necessarily incident to the movement of the logs to the mill over the tramroad.

Defendants in error mainly predicate their insistence that Scurlock did not receive his injury in the course of his employment on two propositions: first, that he was not employed by plaintiff in error on the day of his injury, because he was working by the day and the sawmill was closed the day he was injured, and he performed no service that day and earned no wages; and, second, that the cause of the injury was not a risk incident to Scurlock's employment, because plaintiff in error had not assumed any obligation to furnish Scurlock the tramroad as a means of ingress to and of egress from, the sawmill, but that Scurlock had a mere revocable implied license from plaintiff in error to use the tramroad in going to and from his work.

The pleadings of defendants in error are directly and plainly opposed to the contention that Scurlock was not in the employment of plaintiff in error on the day he was injured. But, tested by the undisputed evidence alone, the law is settled that the relation of employer and employee existed on the day of Scurlock's injury.

In International & G. N. Ry. Co. v. Ryan, 82 Texas, 565, 18 S. W., 219, the Supreme Court had to determine whether Ryan was in the

employment of the I. & G. N. Railway Company at the time he was injured in a collision, in view of Ryan's own testimony as follows: 1st, That he was employed by the day; 2nd, That his hours of work were from 7 in the morning until 12 noon, and from 1 to 6 in the afternoon; 3rd, That his time was his own after six in the afternoon, and he was entitled to no pay after six; 4th, That he was a member of the bridge gang whose duty it was to move up and down the railroad making repairs, and that he lived and slept in cars provided by the railroad company for his use, and was attending to his own affairs on the cars, by writing a letter, when the collision occurred which injured him; and, 5th, That he was under no obligation to continue to work for the company after six that afternoon; and that the company was under no obligation to keep him in its employ.  .

In a well considered opinion of Presiding Judge HOBBY of the Commission of Appeals, which was adopted by the Supreme Court, Ryan was held to have been an employee at the time of the collision in this language:

"In this case we think it is evident from the facts testified to by the appellee, that he was, in contemplation of law, in the employment of the company at the time of the collision. *His presence in the car on the sidetrack at the time of the collision can be explained in no other way under the proof. It was only by reason of the fact that he was an employee of the company that he was in the car on the sidetrack at the time he was injured.* We do not wish to be understood as holding that if the fact was established that his employment had terminated he could not recover in a proper case. But we mean to say, that we do not think that under the facts in this case his employment had ceased, or that he was not, in contemplation of law, at the time of the injury, in the service of his employer. We think that he was in such employment."

Ryan's case is decisive that Scurlock would be regarded as an employee in going to and from the mill, though he had not made repairs during his last visit, on his employer's machinery, which repairs could hardly be reasonably regarded otherwise than as involving work for his employer entitling him to compensation, despite the foreman's failure to make a record of his time.

The case is in harmony with abundant authority. See Missouri K. & T. Ry. Co. v. Rentz, 162 S. W., 959; Houston E. & W. T. Ry. Co. v. McHale, 47 Texas Civ. App., 360; 105 S. W., 1151; Houston B. & T. Ry. Co. v. Stephens, 109 Texas, 202, 203 S. W., 41; Bowles v. Indiana Ry. Co., 27 Ind. App., 672, 62 N. E., 95, 87 Am. St. Rep., 279; Wabash Ry. Co. v. Industrial Commission, 294 Ill., 118, 128 N. E., 291; Ewald v. Chicago & N. W. Ry. Co., 70 Wis., 420, 5 Am. St., 178, 36 N. W., 112; Louisville & N. Ry. Co. v. Walker's Admr., 162 Ky., 209, 172 S. W., 517; Williams v. Schaff, 282 Mo., 497, 222 S. W.,

416; Philadelphia B. & W. Ry. Co. v. Tucker, 35 App., D. C., 123, L. R. A., 1915C, 39; In Re Sundine, 218 Mass., 1, L. R. A., 1916A, 318; 105 N. E., 433.

The Supreme Court of Wisconsin demonstrated the correctness of these decisions, as applied to the precise question under consideration, when it used the following language with respect to a pathway which employees were allowed by their employer to, use habitually in going to and from their work, viz:

"It was the means, and only means, of entrance and exit to and from their work furnished by the company, and the plaintiff and others had a right to its free and uninterrupted use as they always had; and it was because they were the employees of the company in the roundhouse that they had such right and privilege. It was an essential part and ingredient of the plaintiff's contract of employment, and incidental to it, as much as any means and facilities for his labor in the roundhouse itself furnished by the company. The plaintiff, therefore, while enjoying such privilege and facility, or while passing along that pathway and between the opening of the cars, was an employee and servant of the company, as much as while actually laboring for the company in the roundhouse, and as much within his contract of employment." Ewald v. Chicago & N. W. Ry. Co., 70 Wis., 420 36 N. W., 112, 5 Am. St. Rep., 178.

We do not regard it as a matter of moment in arriving at a correct decision whether the employer had expressly obligated itself to furnnish Scurlock the tramroad as a means of access to, and of exit from, the sawmill, or whether Scurlock held a mere implied revocable license to use the tramroad, granted by the employer to facilitate its business. In either event, Scurlock had the right or privilege to use the tramroad. In either event, his right or privilege was derived solely from his contract of employment. In either event, his right or privilege was an incident of his employment. In either event, in making use of the tramroad Scurlock was performing a duty of his employment. In either event, his use of the premises facilitated his employer's business in making surer his prompt attention to so much of the employer's work as he was obligated to perform. In either event, his injury was the proximate result of a danger inherently and necessarily incident to the conduct of the master's business. In either event, the place where he was injured was a part of the employer's premises, intended for his use as a means of going to and from his work. In either event, the danger to which he was exposed was not shared by any one not an employee. In either event, the injury occurred at a time when Scurlock was authorized or expected to be exposed to the danger, incident to the conduct of the employer's business, from which he sustained his injury. So, in either event, his injury was received while engaged in the furtherance of the employer's business, and his injury originated in the employer's business. The Texas statute declares that

when these tests are complied with the injury is one sustained in the course of employment.

In Erie Railroad Co. v. Winfield, 244 U. S., 170, 61 L. Ed., 1057, Ann. Cases, 1918B, 662, the Supreme Court of the United States said:

"In leaving the carrier's yard at the close of his day's work the deceased was but discharging a duty of his employment. See North Carolina R. Co. v. Zachary, 232 U. S., 248, 260, 58 L. Ed., 596, 34 Sup. Ct. Rep., 305, 9 N. C. C. A., 109, Ann. Cas., 1914C, 159. Like his trip through the yard to his engine in the morning it was a necessary incident of his day's work, and partook of the character of that work as a whole, for it was no more an incident of one part than of another."

There is no sound distinction in principle, at least under our statute, between this case and the many cases holding that an employee is injured in the course of his employment when the injury is received while using a stairway or elevator which the master expects him to customarily use as a means of getting to and from his work. Honnold's Workmen's Compensation, Vol. 1, sec., 122; Latter's Case, 238 Mass. 326, 130 N. E., 638; In Re [Stacy] Travelers' Ins. Co. 225 Mass. 174, 114 N. E. 206; Starr Piano Co. v. Industrial Accident Commission, 181 Cal. 433, 184 Pac., 861, 862; Cane v. Norton Hill Colliery Co., 78 L. J. K. B., (1909), 921.

The Honorable Court of Civil Appeals felt constrained to follow the case of American Indemnity Co. v. Dinkins, 211 S. W., 951. We have pointed out why the injury to Dinkins did not originate in the work or business of his employer in an opinion this day delivered by this Court in the case of Lumberman's Reciprocal Association v. Mrs. Josie Behnken et. al., (ante p. 103) and we deem it unnecessary to further differentiate the Dinkins Case.

Much that was said in the Behnken case is applicable to the determination of the question here presented, and in view of what is there held we deem it unnecessary to further prolong this opinion.

This case has been argued for both sides with extraordinary ability and we have given careful consideration to the many authorities cited.

Our conclusion being that Scurlock received the injury causing his death in the course of his employment, it follows that defendants in error must look to the Workmen's Compensation Law to secure compensation for his death, and that the judgments of the District Court and of the Court of Civil Appeals should be reversed and judgment here rendered for plaintiff in error, and it is so ordered.

*Reversed and rendered.*