SUPERIOR INSURANCE COMPANY v. L. F. JACKSON

No. A-5777. Decided June 20, 1956.
Rehearing overruled July 18, 1956.
(291 S.W. 2d Series 689)

*Gullett & Gullett,* Denison, *Strasburger, Price, Kelton, Miller & Martin,* all of Dallas, for petitioner.

*Slagle, Rollins & Hughes,* of Sherman, for respondent.

MR. JUSTICE CULVER delivered the opinion of the Court.

This workmen's compensation case presents the question as to whether or not the injury sustained by the respondent-plaintiff, Jackson, was received in the course of his employment. This issue having been resolved favorably to the respondent, he recovered compensation in the trial court and that judgment was affirmed. 288 S.W. 2d 149.

Under the facts in this case which are without material dispute, it is our opinion that the respondent was, as a matter of law, not within the course of his employment when he received the injury complained of. Therefore, the judgments of the courts below must be reversed.

■ A contracting company employed respondent as a mechanic to repair trucks and other machinery used in road construction. Respondent preferred to use his own light truck for transporting his and the employer's tools in traveling back and forth along the stretch of highway in the performance of his duties, rather than the truck owned by the company that was available for his use. The employer agreed to furnish oil and gas for the truck, but was not paying respondent any consideration for the use of the truck. Respondent's hours were usually eight hours a day five and one-half days a week. On Saturday noon, the day prior to the injury, respondent and all other employees quit work and were not to report again until Monday morning. He was not paid for any time or services rendered after that Saturday noon. On the way home respondent's truck broke an axle and assisted by a neighbor he pulled it on home with his tractor. He later purchased a new part and on the following (Sunday) morning while attempting, with the assistance of his son, to replace the broken axle the truck sliped from its supports and inflicted the injury.

The respondent theorizes that while the accident happened on Sunday and at a time when respondent was not supposed to be at work, nonetheless in attempting to repair the truck so that he could report for duty on Monday morning and transport his tools, together with some that belonged to his employer, back to the job, he was furthering the interests of his employer and was, therefore, engaged in the course of that employment.

■ While there is imposed upon the courts the duty of construing the compensation law liberally in favor of employees and though it is recognized that no plain, clear and distinct line of demarcation can be drawn applicable to all facts and situations, yet we have found no case where the provisions of the compensation law have been extended so as to cover an employee under the undisputed facts as shown in the record here.

In Jones v. Casualty Reciprocal Exchange, Texas Civ. App., 250 S.W. 1073, 1074, wr. ref., a case cited by the respondent, it is correctly said that the determination of whether an injury arises within the course of employment depends upon whether or not the facts bring the case within the purview of the act. Continuing the court says that the law allows compensation: "(1) Where the injury arises out of or is actually caused by the special work or job for which the employee was engaged, provided it happened or was received by the employee during the

period of working hours or time required or authorized by the terms of the contract of employment; or (2) where the injury has relation to the work for which the employee was engaged, provided it happened or was received by the employee during the period of time that such employee was required or authorized by the terms of the contract of employment to be actually about or in furtherance of his employer's work or business." This statement correctly interprets the law.

In the Jones case compensation was allowed. The employer had arranged for certain employees to be carried in a company truck to and from their homes during the lunch hour. The employee there was held to be in the course of his employment while riding in the company truck because this method of transportation was arranged by the company for convenience of all concerned and in the interest of expediting the work. Likewise in another case relied on by respondent, Novak v. Montgomery Ward & Co., 158 Minn. 495, 198 N.W. 290, the employee was entitled to compensation, having been injured on an elevator on the premises of her employer and after she had entered for the purpose of her employment. These cases furnish little comfort or support for respondent's theory.

We do not disagree with the decisions in Maryland Casualty Co. v. Smith, Texas Civ. App., 40 S.W. 2d 913, and Liberty Mutual Insurance Co. v. Nelson, 142 Texas 370, 178 S.W. 2d 514, but the facts in both of those two cases differ materially and are more favorable to the employee. In the Maryland Casualty case the plaintiff was employed as a delivery man. He was paid by the week, the wages included the use of plaintiff's motorcycle; the plaintiff was injured on his way to work just fifteen minutes before he was to report, riding the motorcycle which was necessarily to be used by him in the performance of his duties.

In Liberty Mutual the employee was paid by the hour while working as a painter and was injured while on a trip to purchase paint supplies for his employer. It was shown that he had been in the company's employ for a number of years and that he had often, with the knowledge of his employer, made similar trips and purchases. The goods were always charged to the employer's account and paid for by the employer. Employee was the foreman on the job and had control and supervision over the other painters. The court in that case held that the evidence supported the finding that the employee was acting within the scope of his employment even though he was not being paid for

making the trip or for the use of the automobile. The court said "he was engaged in performing services for his employers which he was in the habit of performing with their knowledge and which were fully approved by them."

In this case repairs were being made by the respondent on his own truck without the knowledge of or approval or supervision by his employer, without any contract to receive pay for making the repairs on Sunday and without expectation of receiving any. We think under the circumstances the work was of no accommodation to the employer nor in the furtherance of the employer's business, but rather was for the benefit of the employee-respondent to enable him to pursue his own preferred plan of using his own truck in the performance of his work rather than to use the equipment of his employer. The evidence reveals, and by respondent's own testimony, that he was not being paid anything for the use of his truck; that the company had trucks available and that respondent used his own truck because it was more convenient for him to do so. The fact that he carried some of the company's tools to his home and that the tools were in the truck when the respondent was injured does not alter the situation. In the first place it was not necessary for him to have taken the tools to his home nor was it necessary that they be returned in the respondent's truck. The employer had transportation available. Somewhat analogous is the decision in Texas Indemnity Insurance Co. v. Clark, 125 Texas 96, 81 S.W. 2d 67. This court, in reversing the Court of Civil Appeals, held that the employee was not in the course of his employment while driving about town in an effort to find board and lodging during the hours when he was supposed to be on the job working. The court rejected the plaintiff's theory that because the company did not furnish those facilities and that he was required to find them for himself he was, therefore, engaged in the furtherance of the business of his employer. What the employee was doing at the time of the injury was not relevant to the work he was employed to do.

The Supreme Court of Michigan in Rector v. Ragnar-Benson Inc., 313 Mich. 277, 21 N.W. 2d 129, has under somewhat similar circumstances held an employee not to be in the course of his employment at the time of the injury. The employee was injured while attempting to move his truck from the place of employment so that it could be repaired. The employer had "hired" the truck as well as the driver. That court likewise found no merit in the argument that the employee, in moving the truck for the purpose of having it repaired so that he could again use

it in his employment, was thus engaged in work beneficial to his employer. It will readily be seen that the facts in that case were much more favorable to the employee's contention than in the case before us. However, it is not to be understood that we necessarily give our unqualified approval to the result reached in the Michigan case.

For other cases denying compensation and somewhat in point see American Motorists Ins. Co. v. Steel, Texas Civ. App., 229 S.W. 2d 386, refused n.r.e.; Texas Employers' Insurance Ass'n. v. Smith, 75 S.W. 2d 732, affirmed, 129 Texas 573, 105 S.W. 2d 192; McKim v. Commercial Standard Insurance Co., Texas Civ. App., 179 S.W. 2d 357, wr. ref.; Jasper v. Texas Employers' Insurance Ass'n., Texas Civ. App., 206 S.W. 2d 646. It follows that the respondent, Jackson, was not injured while in the course of his employment.

The judgments of the district court and the Court of Civil Appeals are reversed and rendered in favor of the petitioner.

Associate Justice McCall not sitting.

Opinion delivered June 20, 1956.

Rehearing overruled July 18, 1956.