Charlie Howard BROWN, Appellant,

v.

The AETNA CASUALTY AND SURETY COMPANY, Appellee.

No. 16114.

Court of Civil Appeals of Texas.

Dallas.

March 8, 1963.

Rehearing Denied April 5, 1963.

Don M. Hayter and Bruce L. Graham, Greenville, for appellant.

Allen Clark, Greenville, for appellee.

BATEMAN, Justice.

In this workmen's compensation case the employee appeals from a summary judgment rendered in favor of the insurer on its contention that, the employee having been injured while repairing his own automobile, as a matter of law he was not in the scope of his employment at the time of the injury. By his two points of error on appeal the appellant presents (1) that affidavits before the court raised a fact issue as to whether he was repairing his automobile so he could use it in his work for his employer, and (2) that since affidavits, depositions and pleadings showed that his contract of employment required him to be at the place where the accident occurred, and the accident occurred during working hours, the court erred in holding as a matter of law that appellant was not in the scope of his employment.

Appellant was employed as the caretaker of a cemetery near Greenville, Texas. His duties consisted of digging graves, mowing and trimming the lawn and general care of the property, including watch over the premises at night to keep unauthorized persons away. Appellant testified by deposition that he and his family lived in a house on the cemetery grounds furnished by his employer, and that his "duties called for twenty-four hours a day" and that quite often people would drive on the premises in the middle of the night and "he would get up and drive them out, ask them to leave." He also testified that his employer furnished him a pick-up truck, but that he furnished the oil and gas for it; that it frequently would not run and after he had been there about three months he bought a second-hand car, for which he also furnished the oil and gas.

Appellee attached to its motion for summary judgment the affidavits of the president and the manager of the corporate owner of the cemetery to the effect that the corporation furnished appellant a pick-up truck to be used whenever his duties required it, and that he was not required to use his own car in performing his duties.

On the day of the hearing appellant filed his answer to the motion for summary judgment and attached thereto his and other affidavits to the effect that his work on his own automobile was done in the furtherance of his employer's business in that it was necessary to run an errand for the employer and the pick-up truck was not in operating condition and could not be repaired by appellant, that appellant's car could be shortly repaired and used to run the errand; that he was repairing his own automobile at about 9:45 o'clock on the morning of a week day when he was injured; that since about 7:00 o'clock A.M. of that date he had been at work raising markers and needed some tools which had to be moved in his car, which it was necessary for him to use because the pick-up truck which had been furnished to him would not run; that he found the clutch on his own car to be "out" and he and his brother were in the process of repairing it when he was injured; that Mr. Youngblood, the president of the corporate owner of the cemetery, was aware of the fact that the pick-up truck would not run and had said he would soon have it hauled into town for the necessary repairs, as they were unable to repair the truck at the cemetery.

It seems clear to us that if it was proper for the trial court to consider appellant's said affidavits, they demonstrated a substantial controversy as to material facts, making the summary judgment improper. Appellee contends that the trial court should not have considered appellant's said affidavits because they were not filed "prior to the date of hearing" as required by subdivision (c) of Rule 166–A, Vernon's Texas R.C.P. Appellee with leave of court filed a motion to strike appellant's answer and opposing affidavits on that ground, and on that ground alone. The court overruled this motion, and the order sustaining the motion for summary judgment recites that the answer and opposing affidavits were considered by the court in passing upon the motion.

The record before us indicates that the hearing on the motion for summary judgment was set for February 23, 1962, that on that date appellant's answer to the motion and the opposing affidavits were filed, and upon being served with copies thereof appellee's counsel stated in the presence of appellant's attorneys and the court that he would file a motion to strike the answer and opposing affidavits "because there had been no compliance with the provisions of Rule 166–A"; that on February 27, 1962 appellee filed its motion that the court enter an order *nunc pro tunc* allowing appellee's counsel to file its motion to strike the answer and opposing affidavits as of the date they were filed, February 23, 1962; that on February 27, 1962 appellant filed a written opposition to appellee's said motion; that on March 8, 1962 the court entered an order granting appellee's motion for leave to file its motion to strike the answer and opposing affidavits and for the court to enter an order *nunc pro tunc* and to allow said motion to be filed as of February 23, 1962, but on the same 8th day of March, 1962 the court also entered an order overruling appellee's motion to strike the answer and opposing affidavits; and that on the same 8th day of March, 1962 the court entered the order sustaining appellee's motion for summary judgment and rendered judgment that the appellant take nothing. This order recites that after hearing the motion for summary judgment on February 23, 1962 the matter was taken under advisement until the 8th day of March, 1962.

◼ We overrule appellee's contention that the court below erred in overruling its motion to strike and considering appellant's affidavits opposing the motion for summary judgment. We hold that this was a matter within the court's discretion, and that no abuse of that discretion is shown. King v. Rubinsky, Tex.Civ.App., 241 S.W.2d 220, no wr. hist.

676

■ Appellee also contends that the affidavits filed by appellant in opposition to the summary judgment are deficient and fail to comply with the requirements of Rule 166–A, in that they do not show that they were made on personal knowledge, nor that the affiants were competent to testify to the facts stated therein. Appellee made no such criticism of these affidavits in the trial court; its motion to strike them was bottomed wholly on their late filing. The complaint, being now made for the first time, in this court, comes too late and must therefore be overruled. Lobit v. Crouch, Tex.Civ.App., 293 S.W.2d 110, err. ref. n. r. e.; Farmers & Merchants Compress & Warehouse Co. v. City of Dallas, Tex.Civ.App., 335 S.W.2d 854, err. ref. n. r. e.

■ We hold, therefore, that the trial court did not err in permitting appellant's opposing affidavits to be filed, or in refusing to sustain appellee's motion to strike the same, but that the trial court did err in granting the summary judgment in the face of the controversy raised by such affidavits as to material facts.

For this error, the judgment must be reversed.

In view of our disposition of appellant's first contention, the case must be remanded for trial. It is therefore unnecessary for us to pass upon the second point.

Reversed and remanded.

ON MOTION FOR REHEARING

Appellee urges that our opinion is in conflict with Superior Ins. Co. v. Jackson, 156 Tex. 61, 291 S.W.2d 689; Kimbrough v. Indemnity Ins. Co. of North America, Tex.Civ.App., 168 S.W.2d 708, err. ref., and Employers Reinsurance Corp. v. Brooks, Tex.Civ.App., 165 S.W.2d 785, err. ref. We have carefully reviewed those opinions, because if the facts in any of them were analogous to the facts shown by the record before us we would feel constrained to sustain the motion for rehearing and affirm the judgment of the court below. However, we do not consider that such analogy exists.

In the Jackson case the claimant was employed as a mechanic to repair trucks and other machinery used in road construction. He used his own light truck to carry his and his employer's tools to various points along the highway in the performance of his duties. A truck of his employer was available for this purpose, but he preferred to use his own. He was injured while working on his own truck at his own home on a Sunday, and the Supreme Court very properly held that he was not in the course of his employment. The several differences between that case and this are readily discernible, (1) Jackson preferred to use his own vehicle, although one owned by his employer was available; but the only reason Brown intended to use his car was that the employer's would not run and could not be repaired on the premises, (2) Jackson's work was being done on a Sunday and on his own time, for which he was not being paid, when he was not on duty nor subject to call; but Brown's work was being done on a work day, during working hours, and at a time when he was on duty as caretaker or at least subject to call, (3) Jackson was working on his own premises, while Brown's work was being done on his employer's premises where he was required to be by the terms of his employment.

In Kimbrough, the employee used his own car to drive to and from work. One morning, while on the employer's premises and awaiting the arrival of his foreman, he was injured while trying to locate the cause of a certain noise in his car. On previous occasions, when there had been a breakdown in the plant, Kimbrough had used his car to go to town for replacement parts, but he had no intention of making such use of it on the morning in question. It was properly held that he was not injured while in the course of his employment.

The Brooks case was one in which the employee, whose job was to tie bundles of

flooring behind a flooring machine, turned aside from his employment when the machine broke down and, there being no duty for him to perform for his employer while the machine was being repaired, was attempting to make a hammer handle for his own use. He was using another of his employer's machines, on the employer's premises. It was held that Brooks "was not engaged in the master's business, but in an enterprise of his own without his employer's knowledge or consent."

We think the inapplicability of the Kimbrough and Brooks cases will be readily seen. Kimbrough and Brown were both on their employer's premises when injured, and both were repairing their private cars, but Brown was also simultaneously performing a duty for his employer (of watching over the cemetery and being available for any other duty his employer might call on him to perform), and says he was repairing his own car so it could be used in the employer's business, while Kimbrough was wholly on his own time, not subject to call by his employer, and was doing his work wholly for his own benefit. It is obvious that Brooks would not have received the injury complained of had he not turned aside from his master's work and commenced other work in which his master had no interest whatsoever.

This case is controlled by such decisions as Lumberman's Reciprocal Association v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402; Kirby Lumber Co. v. Scurlock, 112 Tex. 115, 246 S.W. 76; United East & West Oil Co. v. Dyer, 139 Tex. 318, 162 S.W.2d 680; Texas Employers' Ins. Ass'n v. Lawrence, Tex.Civ.App., 14 S.W.2d 949, err. ref.; and Federal Surety Co. v. Ragle, (Tex.Com.App.) 40 S.W.2d 63.

■ We think we should make clear that wherever in the foregoing discussion we state that appellant Brown did or was doing certain things these are not findings of facts by this Court, but are merely recita-

tions of certain statements contained in affidavits filed by appellant in opposition to the motion for summary judgment, which we must accept as true for the purpose of testing the propriety of sustaining the said motion.

The motion for rehearing is overruled.