Oscar William **LOYD**, Appellant,

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION**, Appellee.

No. 6810.

Court of Civil Appeals of Texas.

Texarkana.

June 16, 1955.

Rehearing Denied July 7, 1955.

Hardy & Clapp, Tyler, for appellant.

Ramey, Calhoun, Brelsford & Hull, O. C. Funderburk, Tyler, for appellee.

HALL, Chief Justice.

This is an action by appellant against appellee for compensation for an injury claimed by appellant to have occurred in the course of his employment as an embalmer with Burks-Walker-Tippit Funeral Home in Tyler, Texas. Upon motion of appellee the trial court rendered a summary judgment for it and against appellant.

Appellant brings forward one point to the effect that the trial court erred in rendering a summary judgment for the reason that there was a genuine "issue of fact as to whether appellant was injured while engaged in or about the furtherance of the affairs or business of his employer."

The evidence shows that appellant was employed by Burks-Walker-Tippit Funeral Home as an embalmer. On the date of his injury he was on his vacation, but under his employment he was subject to call at any time. Shortly before his injury he had

gone to Tennessee on a vacation. On his return home he notified his employer that he was in the city, subject to call even though his vacation period had not ended.

The facts with respect to his injury are: Appellant was engaged in painting the side of his house; he was standing on a ladder holding a paintbrush and a bucket of paint when he heard his telephone ring. He started down the ladder with his paint and brush when the foot of the ladder slipped, causing him to fall to the ground, breaking his leg. He never answered the telephone and there is no evidence as to who was calling him. He alleges that as part of his employment he was required to maintain a telephone in his residence. With reference to how the accident happened, appellant testified:

"I started to get off the ladder to answer the phone. The phone was ringing. I started to get down and the ladder slipped. I didn't want to spill the paint and I fell on this leg (pointing)."

It is a cardinal rule pronounced many times in this state that to sustain a judgment for a claimant the evidence must show that his injury occurred during the course of his employment or is so intimately related to his employment as to be a part of it. In our opinion, the evidence wholly fails to show that on the occasion of appellant's injury he was doing anything in furtherance of his employer's business. The evidence positively shows that he was painting his house at the time of the injury and while on vacation. It is true that he was injured while getting down from the ladder to answer the telephone, but there is no evidence in the record that he ever answered it or that any one answered it for him, nor is there any evidence that the call was from his employer. The call could have been from some friend or a member of his family, or even a "wrong number."

We are cited by appellant to the case of Security Union Ins. Co. v. McClurkin, Tex. Civ.App., 35 S.W.2d 240, 242, w/r. In that case the employer maintained a telephone in appellee's home. On the occasion of the employee's injury the facts as stated in the opinion were: "In going to the telephone, placed in his apartment by his employer for the purpose of communicating with him, to answer a call from his employer, the appellee was performing the duties of his employment and furthering the business of his employer, and the injury received by him in answering the call was one having to do with and originating in the work or business of his employer." The facts in that case show further that after the call had been completed, the employee stepped on a needle in his home and received an injury which was held compensable.

There are two differences between that case and the case at bar. In the McClurkin case the injury occurred after the employee received instructions from his employer, and, second, the facts showed that in the McClurkin case the conversation was with the employer and concerned the business of the employer. And in said conversation the employee received certain instructions from his employer to be performed the next morning. As stated above there is nothing in this record to show who was calling on appellee's telephone, or whether the call was for him or some one else or from his employer or some one else.

In such circumstances the evidence viewed in the light most favorable to appellant does not raise an issue of fact and the trial court was justified in rendering the summary judgment.

The judgment of the trial court is affirmed.

DAVIS, J., not sitting.