T. D. THOMPSON et al., Appellants,

v.

EMPLOYEES LLOYDS, Appellee.

No. 15131.

Court of Civil Appeals of Texas.

Dallas.

June 1, 1956.

Rehearing Denied June 22, 1956.

Caldwell, Baker & Jordan and Robert M. Hill, Dallas, for appellants.

Touchstone & Bernays, Dallas, for appellee.

CRAMER, Justice.

This is a proceeding under the Workmen's Compensation Act by appellant Thompson, an employee of Gifford-Hill-American, Inc., against appellee Employees Lloyds, as insurer. The jury by their verdict, found in substance that: (1–2) Thompson *sustained* accidental personal injuries on or about April 30, 1954; (3) but such injuries were *not* sustained by Thompson while working as an employee of Gifford-Hill-American, Inc.; also (17) that his reasonable hospital expense as a result of the injuries was $850; (18) reasonable nursing expense $468; and (19) reasonable doctor's bills $1,500.

Special issues 4 to 16 on course of employment, total incapacity, partial incapacity, lump sum, and average weekly wages, were not answered by the jury because of the instruction by the Court not to answer them unless they had answered issue No. 3 with "Yes."

Thompson, Dr. Sidney Gaines, and Methodist Hospital, subject to their motion for judgment, made a motion to disregard the jury finding to issue No. 3, and for judgment non obstante veredicto; and in the alternative, that a mistrial be declared. The motions for judgment non obstante veredicto and for mistrial were each overruled, and the take nothing judgment here appealed from was rendered. From such judgment, after duly filed motion for new trial was overruled, Thompson has duly perfected this appeal.

Appellant Thompson briefs nine points of error. Points 1 and 2, briefed together, assert error (1) in submitting to the jury issue No. 3, " * * * when it was undisputed that he was and erred in conditioning the answering of the jury of the further issues on an affirmative answer to Question No. 3"; (2) in failing to define the term "employee" as contained in question No. 3 and in failing to give appellants' specially requested instruction No. 8 containing a proper definition of the term "employee" as follows: "By the term 'employee' as used in this charge is meant that person employed by the master or employer to perform services in his affairs and whose physical conduct in the performance of the services is controlled or is subject to right of control by the master."

Points 1 and 2 are countered that there was no error (1) in submitting issue No. 3, it being undisputed that the injuries were not sustained by Thompson while working as an employee of Gifford-Hill-American, Inc.; nor in rendering judgment for insurer and refusing Thompson's motion for mistrial; (2) and there was no error in failing to define "employee" used in issue 3, or in refusing to give Thompson's requested definition of "employee."

The record discloses that the charge did contain issue No. 4 as follows: "Do you find from a preponderance of the evidence that such injuries, if any, sustained by T. D. Thompson were sustained by him in the course of his employment with Gifford-Hill-American, Inc.? Answer 'Yes' or 'No.'" And also a definition of "Injury sustained in the course of employment" as follows: " 'Injury sustained in the course of employment', as used in this charge, means

all injuries of every kind and character, having to do with and originating from the work, business, trade, or profession of the employer; received by the employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere."

Appellant objected to the definition of "Injury sustained in the course of his employment" for the reason that there is no issue in this case raising the question as to whether or not the plaintiff sustained an injury in the course of his employment, and consequently no necessity to charge the jury thereon. As a matter of law the plaintiff was within the course of his employment at the time he sustained his injury; further objected to the definition that it "is incomplete and does not fully instruct the jury as to the law in this particular situation in that the plaintiff would be entitled to recover under the Workmen's Compensation Act when he sustains an injury resulting from a risk or hazard which is necessarily or ordinarily or reasonably inherent in, or incidental to, the conduct of his work or business employed in, and in every case where an injury occurs at a place furnished by the employer in the interest of his business as a necessary and immediate means of access to where the employee is required to labor, and from a danger caused by the permanent condition of said place, and at a time when the employee is expected or required to enter the plant or premises of the employer"; further for the reason that it fails to instruct the jury that the plaintiff would be entitled to compensation in the event the foregoing facts were true, and does herewith tender a correct definition of the term "injuries sustained in the course of employment" in a separate request, and further that "it is too restricted and not broad enough and would tend to confuse and mislead the jury"; and "it does not instruct the jury those injuries sustained by an employee are held to occur in the course of employment where the employee at the time

of the injury is using the means of ingress or egress from the premises of the employer, and the same have been provided by the employer for that purpose." And further, "the court fails to instruct the jury that an injury is held to occur in the course of employment where the employee at the time of the injury is using the usual and customary methods of entrance to and retirement from the employer's premises or zone of employment." Also objected to the submission of issue 3, "for the reason that the undisputed testimony in this case establishes that on the occasion in question, April 30, 1954, T. D. Thompson, plaintiff herein, was an employee of Gifford-Hill-American, Inc., and that there is no necessity for the submission of said special issue, and the jury is required to answer said issue in the affirmative before they are entitled to pass upon the subsequent issues inquiring into the disabilities sustained by the plaintiff herein. This plaintiff objects and excepts further to the submission of said Special Issue No. 3 for the reason that by a preponderance of the evidence it has been established that on the occasion in question the plaintiff, T. D. Thompson, was an employee, and that there is no necessity for the submission of said issues, and an affirmative answer to said issue must be made by the jury before they are entitled to pass upon the following special issues inquiring into the plaintiff's disability."

Viewing the record as of the time the charge was prepared and objections thereto were made, it was undisputed that Thompson was an employee of Gifford-Hill-American, Inc.

Under issue 3 as submitted, the jury was asked, based on the undisputed and assumed fact that Thompson was an employee, whether or not at the time he sustained his injury, he was working as an employee of Gifford-Hill-American, Inc. If such issue was a proper submission of course of employment, there was no error in the submission of the next issue, No. 4, on course of employment and the defini-

tion; in other words, the charge was subject to the objection that course of employment was submitted twice; first under the issue which has not been approved, followed by an instruction that they would not answer the next issue which properly submitted an issue on course of employment followed by a proper definition of "course of employment."

Such submission, in our opinion, was of such a nature as that it was misleading to the jury and prejudicial. However, such submission was not objected to on the ground that it was a double submission.

Appellant, on the material issue of whether or not Thompson was in the course of his employment at the time of the accident, contends that as a matter of law he was in the course of his employment at the time he received his injury. Appellee's contention is that as a matter of law Thompson was not in the course of his employment.

The rule is that accidents causing injury, which occur on a highway after the employee has left the premises of his employer and has started home, are not covered by the Act as being received in the course of employment, unless there is, in addition, a showing that the purpose of the employee's being on the highway was in the actual performance of some duty in the course of his employment, or the accident was caused by a "hazard of the employment"; that is, that there was a causal connection between the conditions which the employer put about the employee and the resulting injury; or is ruled by the ingress and egress cases.

Under the ingress and egress cases, "All dangers and perils incident to the use of such method of entrance and retirement are perils incident to and arising out of the employment * * *." 45 Tex.Jur. 529–530, and Notes 18–20 and 1.

To authorize a recovery in ingress and egress cases, the path or road taken must be one not traveled by the public generally.

In Smith v. Texas Employers' Ins. Ass'n, 129 Tex. 573, 105 S.W.2d 192, 194, our Supreme Court states: "* * * The fact that he may still have been within the hours of his employment, or the fact that he was subject to call while at his home, is not controlling." And further, that the fact that his injury occurred while engaged in the furtherance of his employer's affairs was alone not sufficient for recovery. It must also be shown that his injury was of such kind and character as had to do with and originated in the employer's work, trade, business, or profession. A material question as we see it here, is: Did the injury result from a hazard of the employment, that is, did it have to do with and originate in the business of the employer and was it received while the employee was engaged in or about the furtherance of such business? 45 Tex.Jur. 460–464, Workmen's Compensation, secs. 73–75 inclusive, and pp. 468–470, sec. 78. Or was it a hazard of the street?

The evidence shows that on the morning in question Thompson had completed his assigned duties and was leaving for home, having worked from 11:30 P. M. to 6:30 A. M. It had been his custom, to which the employer agreed, to leave when his work for the night was completed. After he cut off the boiler she walked up to the gate where he usually left the employer's premises. It was misting and/or raining, off and on, and the ground and the street or road in front of the employer's premises, where the graveled road out of the plant dead ended, was paved with a black topping. A watchman was stationed inside the Company entrance. In the middle of the intersection, over the paved road, there was a traffic light which had the usual three lights, red, amber and green, facing toward the plant road and also up and down the paved road. Such light, however, was not automatically operated, but was operated by the watchman at the gate by means of a button which, when he pressed it, would cause the lights up and down the road to change from green to yellow and then

from yellow to red, and to remain red for a short length of time during which interval the lights toward the plant would be green. After an interval of time the green light would change to yellow and later back to green up and down the main road, red toward the plant, and would remain red until the watchman again pressed the necessary button to permit others to leave the plant and go onto the main road. The automobile in which appellant Thompson was riding on the occasion in question, after the light had turned yellow in all directions and then changed to green on the road out of the plant, and to red up and down the paved road, proceeded into the intersection and was partly on the paved portion of the main road when a second car ran the red light up and down the paved road and crashed into the side of the automobile in which appellant Thompson was riding, which resulted in the injuries and disability of Thompson made the basis of the workman's compensation claim here.

Under the record we are of the opinion and hold that there was a question of fact for the jury as to whether or not the accidental injuries were received by Thompson in the course of his employment, and that the material issue on course of employment should not have been conditionally submitted; and since it was so conditioned, there was no proper submission of course of employment to the jury. Points 1 and 2 are sustained.

Appellant's points 3 and 4, briefed together, assert error (1) in submitting issue No. 4 on whether or not Thompson's injuries were received in the course of employment, it being undisputed that they were; and (4) in giving the definition of "injuries sustained in the course of his employment," in that it was not broad enough and did not give the jury a proper definition in this cause; that is, where the employee is injured at a place of "ingress and egress" to his employer's premises.

Points 3 and 4 are countered that there is no error in the ruling and it was harmless,

since as a matter of law Thompson did not receive an injury in the course of his employment for Gifford-Hill-American, Inc.; that any error in issue 4 is moot because not sustained in the course of employment as a matter of law, and the definition as submitted was an adequate definition.

What we have stated as to the facts under points 1 and 2 is applicable here. The question was for the jury and the jury having answered against Thompson, points 3 and 4 are overruled.

Point 5 asserts that the trial court erred in failing to give one of appellant's requested instructions numbered 1 through 7, any one of which contains a correct and proper definition of the term "injury sustained in the course of his employment," applicable to this case. Point 5 is countered that there was no error in refusing to give any of appellant's requested instructions, 1 through 7 inclusive.

The trial court having given the statutory definition, Art. 8309, § 1, second subd. 4, Vol. 22, Vernon's Civil Statutes Annotated, of "'injury sustained in course of employment,'" it was not error to refuse the seven other definitions of such legal phrase or term. 16 Tex.Law Review 252, subd. III, where ingress and egress cases are discussed. Point 5 is overruled.

Points 6, 7, 8, and 9 assert error: (6) In refusing Dr. Gaines' motion to disregard issue 3 and render judgment in his favor; (7) in refusing Thompson's requested issue No. 1 which inquired as to a reasonable doctor's charge for the hernia sustained by Thompson; (8) in refusing Methodist Hospital's motion to disregard finding No. 3 and to render judgment in its favor; and (9) in refusing requested issue No. 2 which inquired as to the amount Thompson expended for hospital charges for the repair of his hernia, if any, sustained. Points 6 to 9 are countered separately that there was no error in such rulings and orders.

Our disposition of this case, based on other points and our rulings thereon, makes it necessary that the cause be retried; and since the questions raised by points 6 to 9 inclusive probably will not occur on another trial, our passing thereon here would have no controlling effect there, and makes further discussion thereon in this opinion unnecessary.

For the error pointed out above the judgment of the trial court must be reversed and remanded for a new trial.

Reversed and remanded.