Jimmy Wayne **WALKER**, Appellant,

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION**, Appellee.

No. 17035.

Court of Civil Appeals of Texas.

Fort Worth.

June 20, 1969.

Rehearing Denied July 18, 1969.

George Busch, Fort Worth, for appellant.

James E. Wright, Fort Worth, for appellee.

## OPINION

RENFRO, Justice.

Suit was brought by Jimmy Wayne Walker against Texas Employers' Insurance Association for total and permanent disability benefits under the Workmen's Compensation Act. His petition was based on a claim "for injuries suffered on June 7, 1968, arising out of and in the course of his employment while working for Luther Transfer & Storage, Inc. in Tarrant County, Texas; * * * (when) he was suddenly, accidentally, and unexpectedly, injured in that while working, he was shot in the back."

Defendant's motion for summary judgment, based on the pleadings and plaintiff's deposition, was granted.

Plaintiff's brief contends there were some disputed fact questions and that the pleadings and evidence show that plaintiff was in the course and scope of his employment at the time of his injury.

By deposition plaintiff testified:

He is 31 years of age. He was employed by Luther Transfer & Storage as a driver in April, 1968, for $96.00 per week wages, plus $8.00 per day expense money on the road. On Wednesday, the 5th of June, he and driver Bernie Rhodes left Lubbock for Dallas where they unloaded on Thursday morning, the 6th. They then went to Binyon-O'Keefe (in Fort Worth) to unload, but it was too late so they spent the night in the Fleetway Motel. On Friday, the 7th, they completed unloading, then picked up a small load. They checked into the Fleetway Motel Friday night, intending to go back to Dallas for another load on Saturday.

They checked into the Fleetway about 8:00 P.M. Friday night. After checking in they ate in the restaurant connected with the motel. Before going to eat plaintiff went across the street, got a six-pack of beer which he and Rhodes drank in their room. Plaintiff left Rhodes in the restaurant while he, plaintiff, tried to call his father from a pay phone. While near the phone he "got to talking to a guy that come along and started talking." Rhodes came up while he and the "guy" were talking. Rhodes went on out. The "guy's" name was Nate Pier. Pier invited plaintiff to go across the street and drink a beer. Plaintiff agreed. Plaintiff drank two or three beers. He and Pier returned to the motel about 10:30 P.M. Plaintiff entered his room with the intention of going to bed. Pier asked him to visit Pier's friend in a room at the end of the hall and have a drink. Plaintiff demurred, but, after some urging on the part of Pier, answered, " 'Well, I'll be down there in just a minute.' " Plaintiff went to the room previously indicated by Pier. Pier was already in the room. The door was open. When plaintiff started to walk in he heard a commotion. Somebody said, " 'Move and let me kill him.' " Plaintiff turned around and started to "get away from there" when he was shot in the back. He started crawling along the hall toward his room when "they" came out and started fighting in the hall. The "other guy" hit plaintiff in the mouth. He thinks the name of the other guy was Wadley. Rhodes called for an ambulance which took plaintiff to a hospital.

Both parties rely upon Shelton v. Standard Insurance Company, 389 S.W.2d 290 (Tex.Sup.,1965), to support their respective positions. In the Shelton case the plaintiff, a long distance driver, was injured as he crossed the street from a motel to a cafe where he intended to eat dinner.

In the course of the opinion the court stated, "Most courts which have considered the question regard an employee whose work entails travel away from the employer's premises as being in the course of his employment when the injury has its origin in a risk created by the necessity of sleeping or eating away from home, except when a distinct departure on a personal errand is shown."

Continued the court, "It could not be seriously contended that petitioner, while crossing the street, was in the scope of his employment for establishing liability under the doctrine of respondeat superior, but our Workmen's Compensation Act must be given a liberal construction to carry out its evident purpose. 'An injury has to do with, and arises out of, the work or business of the employer, when it results from a risk or hazard which is necessarily or ordinarily or reasonably inherent in or incident to the conduct of such work or business.' * * * he (plaintiff) chose a cafe only a short distance from his motel. Neither personal pleasure nor recreation played any part in the choice. In these circumstances we are unable to say as a matter of law that his crossing the street to obtain food was not an incident of the employment, or that the injuries he received did not have to do with and originate in the employer's business. * * * his only purpose in crossing the street was to obtain food. Once it is determined that the accomplishment of this purpose was one of the incidents of his employment, we think it necessarily follows that the trip across the street was also made to further the business of the employer rather than petitioner's personal or private affairs."

We have quoted at length from the opinion in the Shelton case because we believe that a proper application of the opinion necessarily forces us to hold that plaintiff was not in the course of his employment when he was injured.

Plaintiff had crossed the street to obtain pre-dinner beer which he drank in his room. He had dinner in the motel restaurant. He crossed the street again to drink after-dinner beer. He returned safely to his room and admittedly was planning to retire for the night when his newly found friend invited him to go to the room of the friend's friend to have a drink.

A late night visit to the room of a person whose sex or name he did not know for the purpose of having a drink was not a risk or hazard arising out of his employment. We cannot see that his visit, under his own testimony, could be an incident of the employment, or that the injury had to do with and originated in his employer's business.

■ It is provided in Sec. 1, Art. 8309, Vernon's Ann.Tex.Civ.St., that the term "'injury sustained in the course of employment'" shall include all "injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." The requirements of the statute are not satisfied by proof that injury occurred while the workman was engaged in or about the furtherance of his employer's affairs or business. The claimant must also establish that the injury was a kind and character that had to do with and originated in the employer's work, business, trade or profession. Texas General Indemnity Company v. Bottom, 365 S.W.2d 350 (Tex.Sup., 1963); Shelton v. Standard Insurance Company, supra.

■ Plaintiff's testimony shows that his visit to the room down the hall did not have

anything to do with furtherance of his employer's business; that his injury was not of a kind and character that had to do with and originated in the employer's work or business. Neither Pier nor his unnamed friend had any connection whatever with plaintiff's employer or its business.

Plaintiff's own testimony shows conclusively that at the time of the injury he was engaged in a purely personal mission of pleasure which was in no way incident to his employment.

Unlike the situation in Prestegord et vir v. Glenn, Tex., 441 S.W.2d 185, cited by plaintiff, the defendant in this case did negative the existence of genuine and material fact issues, and showed it was entitled to a judgment as a matter of law. Rule 166–A(c), T.R.C.P.

Affirmed.