**LESCO TRANSPORTATION COMPANY, INC., Appellant,**

v.

**Wallace C. CAMPBELL, Appellee.**

**No. 8154.**

Court of Civil Appeals of Texas, Texarkana.

Oct. 9, 1973.

Rehearing Denied Oct. 9, 1973.

James H. Holmes, III, Burford, Ryburn & Ford, Dallas, for appellant.

Charles G. Hall, Texarkana, for appellee.

CHADICK, Justice.

This is a venue case. Wallace C. Campbell filed a common law tort action in a district court of Bowie County to recover damages for personal injuries from Samuel Lynn Warren, a resident of Bowie County, Texas, and Lesco Transportation Company, Incorporated, a resident of Dallas County, Texas. Campbell allegedly suffered personal injuries as a result of the negligence of Warren and Lesco Transportation Company, Incorporated at a time when Warren was changing oil in the engine of a truck leased by Warren to such company. Relying upon the provisions of Vernon's Tex.

Rev.Civ.Stat.Anno. art. 1995, Subd. 4, the trial judge overruled Lesco Transportation Company, Incorporated's plea of privilege to be sued in Dallas, the county of its residence. The corporation, hereafter referred to as Lesco, has appealed.

Lesco contended in the trial court and insists here that Campbell is barred from prosecuting his suit because he was an employee injured in the course and scope of his employment and is by law relegated to the provisions of the Texas Workmen's Compensation Act, Tex.Rev.Civ.Stat.Anno. art. 8306 et seq., for injury compensation. This is the issue in the appeal.

In compliance with stipulations by the parties, the trial judge found as a fact that Campbell and Warren were employees of Lesco at the time Campbell was injured. The record, as also the findings of fact made by the trial judge, established that as owner, both Campbell and Warren had, each by identically worded but separate written instruments pertaining to separate vehicles, leased a truck to Lesco, and each was in a *lessor to lessee relationship,* as well as an *employee to an employer* relationship with Lesco at the time Campbell was injured. The following passages are a part of each contract, viz:

"DRIVERS' COMPENSATION

(1) * * *

(2) *Each such driver shall in the sole and exclusive opinion of Lessee* (a) Be a fit and qualified person to drive and operate such leased equipment; (b) Be familiar with and strictly abide by the safety regulations of Interstate Commerce Commission and The Railroad Commission of Texas; (c) Submit to a physical examination; and (d) *Comply with the directions of Lessee in the safe and expeditious operation and maintenance of such equipment.* (Emphasis added).

* * * * * *

"OWNER OF LEASED EQUIPMENT SHALL PAY, OR FURNISH:

(1) *Equipment adequately maintained in a condition meeting or exceeding the Lesco standards and equal to, or in excess of the federal and state regulatory boards.* (Emphasis added)

(2) * * * *

(3) * * * *

(4) * * * *

(5) * * * *

(6) * * * *"

It is to be seen by reference to the emphasized portion of the quoted instrument that the owner (lessor) was contractually obligated to maintain the leased trucks in a condition meeting or exceeding Lesco's standards, etc., though the specified standards are not made a part of the written agreement. Likewise, it is to be seen that a driver "shall in the sole and exclusive opinion of Lessee [Lesco] * * * comply with the direction of lessee in the safe and expeditious * * * maintenance of such equipment." But the record is devoid of stipulation, evidence or proof of direction from Lesco to either Campbell or Warren concerning change of engine oil or other maintenance upon the respective trucks. Clearly, neither the quoted language of the contract nor any other provision thereof placed a duty upon a driver to maintain a truck by changing the engine oil unless directed to do so by Lesco.

The testimony of both Campbell and Warren detailing their duties as an employee-driver is in part ambiguous, equivocal and self-contradictory. When called upon to unilaterally interpret the driver's contract each had signed, Campbell denied that an employee-driver had a duty to change oil in his truck, and then when pressed, appeared to agree with the cross-examiner that the contract did require the driver to change the oil in the truck. At the same time, Campbell readily acknowledged that as an owner and lessor he was

obligated to maintain the truck he let to Lesco by changing engine oil.

By stipulation and evidence, the record shows that both Campbell and Warren signed in with Lesco's dispatcher at a point of origin for material to be hauled, thereby indicating that they were ready to haul material when called under procedures theretofore established. On signing in, a driver's name and truck number was placed at the bottom of the pending list of haulers; the driver to be called when the driver next above had been dispatched. When called, the driver had two hours in which to respond before being relegated to the foot of the line, the only penalty for not answering the call. At the time of Campbell's injury he and Warren had returned from a delivery and signed in and were standing by for a call. Since their loads could be dispatched to any place in Texas, and they might receive long hauls they decided to change the engine oil in their trucks before accepting the expected call.

■ To be compensable, to come within the terms of Tex.Rev.Civ.Stat. Anno. art. 8306, Sec. 3b, an injury must occur within a period of employment at a place where the employee reasonably may be in performance of his duty. 62 Tex. Jur.2d Workmen's Compensation, Sec. 71. And such injury must have to do with and originate in the work, trade or profession of the employer. Tex.Rev.Civ.Stat.Anno. art. 8309, Sec. 1; 62 Tex.Jur.2d Workmen's Compensation, Sec. 73. When it reasonably appears from all facts and circumstances that there is a causal connection between the conditions under which work is required to be done and the resulting injury, such injury arises out of the employment. 62 Tex.Jur.2d Workmen's Compensation, Sec. 74. As a general rule, a compensable injury arises only when it is shown (1) that the injury has to do with and originated in the employer's business; and (2) was received during a period of time when the injured employee was required or authorized by the contract of employment to be actually engaged about or

in furtherance of the employer's work or business, and is actually so engaged when injured. 62 Tex.Jur.2d Workmen's Compensation, Sec. 75.

■ Stated in converse terms, the rule is that when an employee abandons and turns aside from the course and scope of his employment, such deviation defeats a claim for compensation. Such deviation occurs if at the time of injury the employee is engaged in and pursuing personal work or objectives that do not further the employer's interest. An injury received under such circumstances is not from a hazard that has to do with and originates in the employer's business, work, trade or profession. Traders & General Insurance Co. v. Parker, 375 S.W.2d 714 (Tex.Sup. 1964); 62 Tex.Jur.2d Workmen's Compensation, Sec. 72. Unless the proof is such that only one conclusion can be reasonably drawn from it by reasonable minds, deviation from the course and scope of employment is a question of fact to be determined by the trier of the facts. Southern Surety Co. v. Shook, 44 S.W.2d 425 (Tex.Civ.App. Eastland 1931, writ ref'd); Texas Employers Ins. Ass'n. v. Monroe, 216 S.W.2d 659 (Tex.Civ.App. Galveston 1949, writ ref'd, n.r.e.); Travelers Ins. Co. v. Mullikin, 241 S.W.2d 175 (Tex.Civ.App. Texarkana 1951, writ ref'd, n.r.e.); Consolidated Underwriters v. Duncan, 282 S.W.2d 888 (Tex. Civ.App. Fort Worth, writ ref'd, n.r.e.); Texas Employers' Ins. Ass'n. v. Brogdon, 321 S.W.2d 323 (Tex.Civ.App. Fort Worth 1959, writ ref'd, n.r.e.); North River Insurance Company v. Corbell, 421 F.2d 273 (5th Cir. 1970). The facts and circumstances and the reasonable inferences to be drawn from them, together with the stipulations of the parties, will be examined and analysed.

■ The record contains evidence, when viewed in its most favorable aspect, that it was not the duty of a Lesco employed driver to change engine oil in the truck he operated. The employment contract placed such duty upon a driver only when Lesco

directed the driver to perform such maintenance, and as previously mentioned, no such direction was given to Campbell. Lesco's appeal is premised substantially upon the assumed fact that Campbell had a duty as an employed truck driver to make the oil change he was engaged in at the time of his injury. Such premise is not shown as a matter of law by the record. Although an unquestioned finding of fact by the trial judge establishes that Campbell was an employee of Lesco at the time of his injury, nevertheless in separate findings the court determined that both he and Warren were off duty and engaged in changing oil in their respective trucks pursuant to their contractual duties as owner-lessors. Motive as an owner, complete freedom to engage in personal activities during the wait for a call and the absence of a manifested concern by Lesco in employee maintenance of the trucks amply supports the findings that Campbell was off duty when injured.

Here as in Texas General Indemnity Company v. Bottom, 365 S.W.2d 350 (Tex.Sup.1963) there is no evidence that the truck driver was on a special mission for his employer when he was injured. *Bottom* is distinguishable from this case in important respects (one such is the finding that Campbell was Lesco's employee at the time of injury and the absence of a similar fact in *Bottom*), but in common with this, the employee in *Bottom* was injured at a time when he was entirely free, as here, to pursue personal activities and under no obligation to his employer to perform the duties of an employee driver. The court in *Bottom* assumed that there was evidence that the driver made a trip to Hillsboro for the specific purpose of having his truck greased. Still, as his employer had not sent him on such mission, the court held as a matter of law that his injury in a traffic collision did not originate in his employer's business or in furthering his employer's interest. The reasoning reaching that result in *Bottom* applies here.

Reconsideration of the prior opinions filed herein is compelled by appellant's second motion for rehearing. The original opinion and the opinion on motion for rehearing are withdrawn and this substituted for them. Lesco's several points of error are overruled, as is Lesco's second motion for rehearing, and the judgment of the trial court is affirmed.