INSURANCE COMPANY OF NORTH AMERICA, Appellant,

v.

Leslie ESTEP, Appellee.

No. 8389.

Court of Civil Appeals of Texas, Amarillo.

Oct. 23, 1973.

Rehearing Denied Nov. 19, 1973.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellant.

Maner & Nelson, John F. Maner, Lubbock, for appellee.

ELLIS, Chief Justice.

In this workmen's compensation suit, the insurance carrier has appealed from a judgment entered on a jury's verdict awarding the claimant compensation for total and permanent incapacity. Affirmed.

Leslie Estep, plaintiff-appellee, brought suit against Insurance Company of North America, defendant-appellant, for compensation for injury sustained by plaintiff while allegedly working for Bronco Gin in Yoakum County, Texas, as a result of being shoved by another employee against a bedpost and falling to the floor. The jury found in answers to special issues submitted that the plaintiff received the injury while an employee of Bronco Gin and while acting in the course and scope of his employment, and that the plaintiff was not in a state of intoxication at the time of the injury.

The record reveals that on November 4, 1970, between 7 and 8 p. m., Estep was preparing himself a meal in the house provided for him by Bronco Gin and located on the gin premises near the gin office. Estep had been working as a weigher for the gin prior to his injury. His particular job required that he be on call 24 hours a day because, during ginning season, farmers brought in their cotton and grain for weighing at all hours of the day or night. While Estep was preparing his meal, Red Ferguson, a truck driver employed by the owner of the gin and who had been staying in the house for a few days, came into the house and turned on his radio extremely loud. Estep requested that Ferguson turn down the radio. Ferguson refused to lower the volume of the radio and left the house. Estep then threw some of Ferguson's clothes out of the house into the yard. There had been previous conflicts between Estep and Ferguson regarding the loudness of the radio. Further, Estep testified that he was in charge of the house and that Ferguson had no permission to move in with him. On this occasion when Ferguson returned to the house, Estep again requested him to turn down the radio. Ferguson again refused and shoved Estep backwards, whereupon Estep struck his back on a bedpost and then fell to the floor, thereby causing the injury involved in this suit.

Appellant bases its appeal on seven points of error. The insurance company asserts by way of the first six points that (1) there was no evidence or insufficient evidence to support the submission of Special Issue No. 2 as to whether the injury sustained by plaintiff was received while he was an employee of Bronco Gin and the jury's affirmative answer thereto; (2) there was no evidence or insufficient evidence to support the submission of Special Issue No. 3 as to whether the injury sustained by plaintiff was received in the course of his employment with Bronco Gin and the jury's affirmative answer thereto; and (3) because the uncontroverted evidence established plaintiff's intoxication, there was no evidence or insufficient evidence to support the submission of Special Issue No. 15 as to whether plaintiff was intoxicated at the time of the injury and the jury's answer that he was not intoxicated. In the seventh point, appellant complains of the overruling of its motion for

instructed verdict on the grounds that the evidence conclusively established that the plaintiff was not an employee of Bronco Gin at the time of the injury and that plaintiff's injury did not arise out of the course and scope of his employment.

■ There was testimony by Estep and by Jesse Shaw, the owner of the Bronco Gin, that Estep was paid through November 5, 1970. Also, there was testimony by Estep and by Jim Goodman, an employee of the gin, that Estep worked at and around the gin on the day of the injury, November 4, 1970. Although Estep testified that he had not quit his job prior to the injury, there is testimony by other witnesses that is either conflicting or unclear as to whether Estep had "quit the gin" prior to the injury. Although there was testimony that Johnny Brooks had replaced Estep prior to the injury, it was not clearly established as to when Brooks replaced Estep. Also, there is a conflict in Brooks' own testimony as to whether he had been hired before or after the injury.

It is apparent that reasonable minds could differ as to the conclusion to be reached from the evidence, and it is our opinion that a fact issue was presented and there was no error in submitting Special Issue No. 2 regarding Estep's employment by the gin at the time of the injury. Further, we hold, after considering the record as a whole, that there was sufficient evidence to support the jury's finding that plaintiff sustained the injury while he was an employee of Bronco Gin and that such finding was not contrary to the great weight and preponderance of the evidence.

■ Appellant further contends that the appellee's injury is not compensable on the grounds that the evidence establishes that the injury did not result from a risk or hazard incident to plaintiff's employment, and that it did not relate to, arise out of, or result from any act of the employee in the furtherance of the employer's affairs or business. We recognize that the mere fact that an employee is injured by another

while at work for his employer does not in and of itself make the injury compensable. Liberty Mutual Insurance Co. v. Hopkins, 422 S.W.2d 203 (Tex.Civ.App.—Beaumont 1967, writ ref'd n. r. e.). Whether an employee sustained an injury while in the course and scope of his employment must be determined on the peculiar facts of each case and as a question of fact. Texas Employers' Insurance Ass'n v. Davidson, 295 S.W.2d 482 (Tex.Civ.App.—Fort Worth 1956, writ ref'd n. r. e.). Also, it is not required that the injury should have occurred during the hours of actual service, nor that at the time of being injured the employee should have been engaged in the discharge of any specific duty incident to his employment. Texas Employers' Ins. Ass'n v. Anderson, 125 S.W.2d 674 (Tex. Civ.App.—Dallas 1939, writ ref'd). In the case of Liberty Mutual Insurance Co. v. Hopkins, supra, the injury resulted from a dispute caused by the injured employee stepping in front of another employee at a water fountain on the employer's premises. In holding that the injuries were sustained in the course and scope of the claimant's employment, the court noted that an employee in the course of his employment may perform any act of a personal nature that a person might reasonably do for his health and comfort such as quenching thirst or relieving hunger. Such acts are considered as incidental to his service and the injuries sustained while so doing arise out of the employment and are compensable. Also, see New York Casualty Co. v. Wetherell, 193 F.2d 881 (5th Cir. 1952).

It is also recognized that under Texas workmen's compensation law injuries received by an employee while on a lunch break on an employer's premises are compensable. Texas Employers' Insurance Ass'n v. Davidson, supra; Travelers Insurance Company v. McAllister, 345 S.W.2d 355 (Tex.Civ.App.—Amarillo 1961, writ ref'd n. r. e.). Both of the above cited cases involved injuries sustained by the employee during his lunch hour while on the employer's premises in a place he was

permitted but not required to be. We note that in the instant case there is evidence that the appellee was not only permitted to be present in the house on the employer's premises, but his "being there" or availability was a definite condition of his employment, even though he was paid only for the hours he worked in the gin office. Also, it is significant that the claimants in both the Davidson and McAllister cases were not being paid at the time of their injuries, yet the court in each instance held that their injuries were compensable.

In the case of Texas Employers' Insurance Association v. Cecil, 285 S.W.2d 462 (Tex.Civ.App.—Eastland 1955, writ ref'd n. r. e.) it was held that an assault on an employee by a fellow employee provoked by the use of abusive and obscene language in complaining of the greasing of a tile by the assailant, constituting an interference with the assaulted employee's work, "arose out of and originated in the course of his employment." In that case, James Eoff, the employee who greased the tile, assaulted Harry Cecil, the employee who had used the obscene language concerning the greasing of the tile. The assault resulted in Cecil's death. The court held that Cecil was making a legitimate complaint concerning the interference with his work and further stated:

". . . The reason for the assault may have been personal to Eoff but was not necessarily personal to Cecil. With him, it involved a complaint about an interference with work which he was doing in the course of his employment. An assault and injury which results from a controversy over interference with an employee's work is connected with the performance of his work and is a risk incidental to his employment."

The court also stated:

". . . Although the unfortunate nature of the language used may have caused Eoff to make the assault, still Cecil was, at the time, stating his complaint at the interference with his work be-cause of the greased tile . . . The altercation here involved arose over Cecil's complaint about an interference with his work and it is immaterial that in making such complaint, he used the language shown by the evidence . . . The assault arose out of and originated in the course of Cecil's employment. . . ."

It has been held that if the terms of the contract of employment require the workman to sleep on the premises of the employer, he is performing services having to do with and originating in the business of the employer while he is on the premises, even when off active duty, if he is doing what might be reasonably expected of him under the circumstances. Texas Employers' Ins. Ass'n v. Lawrence, 14 S.W.2d 949 (Tex.Civ.App.—Eastland 1929, writ ref'd); Southern Surety Co. v. Shook, 44 S.W.2d 425 (Tex.Civ.App.—Eastland 1931, writ ref'd). In the Southern Surety Co. case it was noted that where an employee was on duty 24 hours a day attending an engine, so long as he was in hearing of it, he was engaged in the performance of his employer's work under the workmen's compensation statute. In Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 73 (1922), 28 A.L.R. 1402, the Texas Supreme Court recognized that "(a)n injury has to do with, and arises out of, the work or business of the employer, when it results from a risk or hazard which is necessarily or ordinarily or reasonably inherent in or incident to the conduct of such work or business."

In the instant case, there is evidence to the effect that Estep was on call 24 hours per day; that his availability was a significant part of his employment and that he had already worked some 69 hours that week; that he was on the employer's premises and available to weigh products which might come in at any time, and during an apparent lull in activities, he was preparing his meal; that he was in charge of the house; and that Ferguson's moving in without permission and his conduct in

turning up the radio constituted an interference with his privacy and quietude to which he was entitled as he sought to satisfy his physical needs which in turn would enable him to effectively perform the duties required of him by his employer. He had the right if not the duty to complain of any interference with his privacy and comfort. See Texas Employers' Insurance Association v. Cecil, supra.

From a consideration of the entire record and in the light of the tenor of the above cited authorities, it is our opinion that a fact issue was raised and that the evidence sufficiently supports the submission of and the jury's answer to Special Issue No. 3, i. e., that the appellee was in the course and scope of his employment at the time he sustained the injury.

We have carefully considered the various cases cited by the appellant which hold that under the respective fact situations the specific activity involved was not related to the injured workman's employment. Among other cases cited by appellant is American General Ins. Co. v. Williams, 227 S.W.2d 788 (Tex.1950), dealing with injuries received by an employee as a result of an argument over a side-bet in a dice game. The dice game occurred before any of the work had commenced and was not shown to have been related in any manner to the injured workman's employment. Appellant also cites the case of McKim v. Commercial Standard Ins. Co., 179 S.W.2d 357 (Tex.Civ.App.—Dallas 1944, writ ref'd) wherein the claimant, an employee of a hat factory, was injured on her lunch break when she was in the process of trying to purchase a hat. In this case, it is apparent that the employee left the sphere of her employment and became a patron rather than an employee of the company. The appellant also relies upon the case of Loyd v. Texas Employers Insurance Association, 280 S.W.2d 955 (Tex.Civ.App.—Texarkana 1955, writ ref'd) wherein the claimant had returned from his vacation and was subject to call from his employer at any time. While he was upon a ladder painting his house he heard the telephone ring and as he started down the ladder he fell and was injured. The court held that he failed to show that at the time of his injury he was doing anything in furtherance of his employment. We believe that the cases cited by the appellant are distinguishable from the instant case in that, in each instance, the employee was found to be fulfilling a personal need not related to his employer's business. In the instant case it is our opinion that the employee's activities were sufficiently related to the injured employee's employment to create a fact issue for the jury's determination and that the evidence is sufficient to support the jury's findings.

■ With respect to the plaintiff's intoxication, the testimony did not clearly establish that the plaintiff was intoxicated on the occasion in question. All testimony as to his intoxication dealt with prior periods and was uncertain as to the time the witness observed the plaintiff. The plaintiff testified unequivocally that he was not drunk nor had he taken a drink on the day in question. Jim Goodman testified that Estep was not drunk, nor did he appear to have been drinking, when Mr. Goodman went to his aid after the altercation in the house. Johnny Brooks testified that he had seen Estep drunk at times, but did not testify as to any specific dates. Roy Brooks testified that sometime prior to the altercation he had seen Estep at the gin and that he appeared to have been drinking. He also said that at the same time he saw Estep stumble and fall into some bushes beside his house, apparently drunk. Brooks' testimony failed to specify the exact date the incident occurred. A Mrs. Tidwell testified that one day in November she and her sons were parked in her car in front of Estep's house at the gin. According to her testimony, Estep came out of the house and took some drinks from a bottle in front of her car. Prior to and during these activities, Mrs. Tidwell saw him throw some clothes into the yard and onto a pickup. She also testified that he stumbled and fell to the ground, apparently drunk, and lay there for some ten minutes.

However, Mrs. Tidwell could not remember the exact date of this occurrence. It is our opinion that a fact issue was raised regarding the plaintiff's intoxication and that the evidence is sufficient to support both the submission of the issue and the jury's answer that plaintiff was not intoxicated.

For the reasons above stated we overrule appellant's contention that the trial court erred in overruling the motion for instructed verdict. It is our opinion that the evidence raised sufficient issues of fact to submit the questions with respect to plaintiff's employment at the gin, whether the injury was sustained in the course and scope of his employment and whether he was intoxicated. If evidence is offered from which reasonable minds could reach different conclusions, the question is for the jury. Sharp v. Chrysler Corporation, 432 S.W.2d 131 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.).

In view of the foregoing, the appellant's points of error Nos. 1–7 are overruled. Accordingly, the judgment of the trial court is affirmed.