DALLAS COUNTY, Texas, Appellant,

v.

Willie R. ROMANS, Appellee.

No. 1096.

Court of Civil Appeals of Texas,
Tyler.

Jan. 26, 1978.

Rehearing Denied March 3, 1978.

W. F. Denman, Jr., Asst. Dist. Atty., Dallas, for appellant.

Leland Dennis, III, Bean, Francis, Ford & Wills, Dallas, for appellee.

DUNAGAN, Chief Justice.

The appellee, Willie R. Romans, brought this workmen's compensation case against Dallas County, Texas. Romans was employed as a turn-key at the Dallas County Jail on December 22, 1975, when the alleged injury occurred. The medical testimony was to the effect that the pushing on the steel door in the turn-key's booth brought on a heart attack suffered by Romans.

On the day in question, Romans was scheduled to work an eight hour shift beginning this day at 2:30 p.m. A meeting was regularly held ten minutes before each shift was going on, so Romans was actually set to start work at 2:20 p.m.

Romans actually came to the jail in uniform about 1:15 p.m. He was talking to the turn-key on duty during this time and at about 2:00 p.m. Romans agreed to relieve this turn-key for a few minutes while he excused himself to go to the bathroom. While Romans was relieving the turn-key presently on duty, he suffered the heart injury.

The jury found the injury to be in the course of employment and found all issues submitted in Romans' favor.

The major question to be determined on appeal is whether or not this injury was suffered in the course of employment. Vernon's Tex.Rev.Civ.Stat.Ann. art. 8309, sec. 1 provides that the term "injury sustained in the course of employment" shall "include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

■ This definition embraces two elements: (1) the injury must be of such kind and character as had to do with and originated in the employer's work and (2) had been suffered while the employee was engaged in or about the furtherance of the affairs of the employer. *Kimbrough v. Indemnity Insurance Company of North America,* 168 S.W.2d 708, 709 (Tex.Civ.App. —Galveston 1943, writ ref'd); *Walker v. Texas Employers' Insurance Association,* 443 S.W.2d 429, 431 (Tex.Civ.App.—Fort Worth 1969, error ref'd); *McKim v. Commercial Standard Insurance Company,* 179 S.W.2d 357, 358 (Tex.Civ.App.—Dallas 1944, writ ref'd).

■ In our view, the injury suffered by Mr. Romans falls within both elements of the definition. Mr. Romans was doing the very job that his contract of employment called for him to do. The injury resulted from Romans' moving the steel door that was an activity his job required him to do. Certainly Mr. Romans was furthering the affairs of his employer in taking the place of the turn-key on duty. No other person was available to relieve the turn-key that was presently in the booth. Mr. Romans testified that when asked by an employee of equal rank to take his place in the booth, he felt compelled to do so. The very nature of the job required someone to relieve the person on duty to enable him to go to the bathroom, and in this instance Mr. Romans was available to take the position in the booth. Romans was not an hourly employee and did not punch a time clock. He was

on call twenty-four hours a day, and was required to attend a meeting that began before his scheduled shift was to begin. This fact alone shows that the shift was not rigidly observed even by Dallas County.

The appellant relies upon several cases where an injury has been held to be non-compensable because it was not suffered in the course of employment. We agree with the holdings in these cases but we believe the cases are distinguishable upon the facts. The first of these cases is *Texas General Indemnity Company v. Bottom,* 365 S.W.2d 350 (Tex.1963). In this case, Bottom regularly drove a truck for Safety Convoy Company. Bottom also leased a truck he owned to Safety Convoy Company. The injury occurred in a highway accident involving Bottom as he returned from having his truck greased and repaired. The court in holding that this injury was not suffered in the course of employment stated that Bottom was acting in a personal capacity as lessor at the time of the accident. Therefore, his injuries did not have to do with and originate in the business of his employer as required by art. 8309, sec. 1.

In *City of Austin v. Johnson,* 525 S.W.2d 220 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.), an employee learned that his job was to be terminated on October 1, 1971. The employee's widow contended that this news caused emotional distress or worry that caused or contributed to a fatal heart attack suffered by the employee on September 20, 1971. The injury was held to be noncompensable in that worry and anxiety over job loss is not connected with what a workman has to do in performing his contract of service.

In *Lesco Transportation Co., Inc. v. Campbell,* 500 S.W.2d 238 (Tex.Civ.App.—Texarkana 1973, no writ), Campbell filed a common law tort action against Samuel Warren and Lesco Transportation Company. Campbell allegedly suffered personal injuries as a result of the negligence of Warren and Lesco, Inc., at a time when Warren was changing oil in the engine of a truck leased by Warren to such company. Both Campbell and Warren were employees of Lesco. Also, both Campbell and Warren were lessors and by written instruments they had leased trucks they owned to Lesco, Inc. Campbell's injury was held not to have occurred in the course of employment since changing the oil in a truck was the act of a lessor, and not of an employee of Lesco.

*Lesco* embodies the requirements of art. 8309, sec. 1, dealing with injuries in the course of employment, in somewhat different language than the statute itself contains and the cases we have previously cited use. In *Lesco,* it is stated that as a general rule, a compensable injury arises only when it is shown (1) that the injury has to do with and originated in the employer's business; and (2) was received during a period of time when the injured employee was required or authorized by the contract of employment to be actually engaged about or in furtherance of the employer's work or business, and is actually so engaged when injured. See also *Superior Insurance Co. v. Jackson,* 156 Tex. 61, 291 S.W.2d 689, 691 (1956); *Jones v. Casualty Reciprocal Exchange,* 250 S.W. 1073, 1074 (Tex.Civ.App.—Texarkana 1923, writ ref'd).

Whether this second requirement of a compensable injury stated above imposes a stricter requirement than merely being in the furtherance of the affairs or business of the employer is not reached in this case. Romans did receive this injury during a period of time when he was authorized by his contract of employment to be actually engaged about or in the furtherance of the employer's work or business and he was so engaged.

The testimony showed that Romans had relieved other turn-keys that were on duty before his shift many times before. Also, Romans testified that he had been relieved from his duties in the turn-key booth many times before by other employees. The appellant put on no testimony contradicting these statements. There is no testimony in the record stating that the appellant prohibited this relieving of employees, although it seems reasonable that the appellant would have been aware of such practice. We realize that Romans has

the burden of proving that he was acting in the course of employment. However, we feel that the above evidence is sufficient to establish that the appellant impliedly authorized Romans to relieve the turn-key on duty.

In the case of *Texas Employers' Ins. Ass'n v. Davidson,* 295 S.W.2d 482 (Tex.Civ. App.—Fort Worth 1956, writ ref'd n.r.e.), Mrs. Davidson was an hourly employee that chose to eat her lunch at her sewing machine. Mrs. Davidson was not paid for her lunch hour and was free to do as she pleased during this period. Her injury occurred after she finished eating her lunch and was walking to deposit her trash in a waste barrel. The injury was held compensable on the theory that she was acting in the course of her employment because the employer had impliedly invited or authorized her to eat her lunch on the premises. In our case, we feel that Dallas County impliedly authorized Romans to relieve his fellow employee in the turn-key booth.

"Also, it is not required that the injury should have occurred during the hours of actual service . . . ." *Insurance Company of North America v. Estep,* 501 S.W.2d 352, 354 (Tex.Civ.App.—Amarillo 1973, writ ref'd n.r.e.); *Texas Employer's Ins. Ass'n v. Anderson,* 125 S.W.2d 674, 677 (Tex.Civ.App.—Dallas 1939, writ ref'd).

■ We are required to give the Workmen's Compensation Act a liberal construction. *Lumberman's Reciprocal Association v. Behnken,* 112 Tex. 103, 246 S.W. 72, 74 (1922). In deciding whether there is evidence of probative force to support the finding that Romans was acting within the course of his employment when he suffered this injury, we must consider only the evidence and the inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). We find that there is evidence of probative force to support this finding. Accordingly, appellant's points of error 2, 3, 4, 5, 15, 16, 17, 18, 19 and 20 are overruled.

The jury found that the injury suffered by Romans was received while in the course

of employment. The definition submitted in the court's charge was that "Injury in the course of employment means any injury having to do with and originating in the work, business, trade or profession of the employer, received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere." This definition follows the language of art. 8309, sec. 1, subd. 4, Tex.Rev. Civ.Stat.Ann., and was approved in *Texas Employers' Insurance Association v. Owen,* 298 S.W. 542, 544 (Tex.Com.App.1927). Appellant's points of error 8, 9, 10, 11 and 12 are overruled.

The appellant requested the following issue and tendered it in writing to the court:

"State whether or not you find the injury claimed by Willie R. Romans was brought about by a risk which is incident to and arose out of the task that Romans had to do in fulfilling his contract for service and to which Romans would not have been subjected but for his contract of service."

■ The trial court properly refused to submit this issue. The issue is an inferential rebuttal issue and Rule 277, Tex.R. Civ.P., directs that inferential rebuttal issues shall not be submitted. See also *Scott v. Atchison, Topeka & Santa Fe Railway Co.,* Tex., 21 Tex.Sup.Ct.J. 126, 129; *Yarborough v. Berner,* 467 S.W.2d 188 (Tex. 1971). Appellant's sixth point of error is overruled.

The appellant also prepared and tendered to the trial court an instruction that was worded in substantially the same form as the issue that the trial court refused to submit and that we have previously discussed. Under the facts in this case, we cannot say that the trial court's refusal to instruct the jury in this manner was error, and even if such refusal was error, the error was not one that was reasonably calculated to cause and probably did cause the rendition of an improper verdict in the case. Rule 434, Tex.R.Civ.P. Accordingly, appellant's point of error No. 7 is overruled.

The appellant's point of error No. 1 deals with the statement made by the appellee's doctor to the effect that the appellee was "not the kind of person who goes into suing people." This statement is an opinion and is not properly admissible under the rules of evidence. *Blanchard v. Blanchard,* 293 S.W.2d 825 (Tex.Civ.App.—Waco 1956, err. ref'd n.r.e.). However, its admission is not reversible error under Rule 434, Tex.R.Civ.P., and the point of error is overruled.

Appellant's points of error Nos. 13 and 14 deal with the reference made by appellee's counsel during closing argument to "this insurance company." The pleadings of both parties named Employer's Self Insurance Service, Inc., as a party to this lawsuit. The judgment recites that the pleadings were presented to the jury. Therefore, from the record before us, it appears that the complained of argument did not inform the jury of anything it did not already know. It is well established that to inform the jury of that which it already knows does not prejudice the right of a litigant. *Travelers Insurance Company v. Walston,* 436 S.W.2d 582, 584 (Tex.Civ. App.—Tyler 1969, no writ); *Finck Cigar Co. v. Campbell,* 134 Tex. 250, 133 S.W.2d 759 (1939). Appellant's points of error Nos. 13 and 14 are overruled.

Judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

On motion for rehearing, the appellant urges this court to reconsider its holding that no error is shown by the trial court's failure to submit an additional explanatory definition requested by appellant dealing with the term "injury sustained in the course of employment." This additional explanatory definition was inadvertently referred to as an instruction in the opinion delivered by this court. We reaffirm our holding that the trial court did not err in refusing to submit the requested definition. In our opinion, the requested definition would add nothing to the definition given previously by the court. The effect of such explanatory definition would be substantially the same. *Anchor Casualty Co. v. Patterson,* 239 S.W.2d 904, 908 (Tex.Civ. App.—Eastland 1951, writ ref'd n.r.e.). The statutory definition of "injury in the course of employment" as set out in Article 8309, sec. 1, subdivision 4, Tex.Rev.Civ.Stat.Ann., was submitted by the trial court. We feel that this definition was sufficient and that no further definition was required to be submitted by the trial court. *Thompson v. Employees Lloyds,* 292 S.W.2d 643, 647 (Tex.Civ.App.—Dallas 1956, writ ref'd n.r. e.). Accordingly, we adhere to our original decision. Appellant's motion for rehearing is respectfully overruled.